### 7429. McDew *v.* Hollingsworth.

Broyles, P. J. 1. All agreements, covenants, warranties, etc., made by parties to a contract are presumed to be written into the contract. A plea and answer showing that the statements and warranties alleged, if made, were made before the signing of the contract, and no sufficient allegation of fraud having been made, the written contract was in law the agreement of the parties.

2. No sufficient allegation as to an emergency being made to excuse the defendant's failure to read the contract, the court did not err in striking that part of the plea which related to his failure to read it.

3. Where a written contract for the sale of a mule states that it is "about ten years old," this will be regarded as an express warranty that the

animal is about that age; and where the same contract contains an express warranty that the seller "does not warrant life, soundness, nor works of said mule, only the title thereto," both warranties should be construed together; and if there is an apparent conflict between the two, they should be construed so as to reconcile all the parts of both warranties and permit the whole of the warranty of the contract to stand; and if this is impossible, the entire warranty should be construed most strongly against the party who prepared it and in whose favor it was made. Construing all the parts of the warranties together, it means that except as to the fact that the mule was about ten years old, every other warranty as to its kind or quality was excluded, as well as all implied warranties as to the soundness of the mule, etc. The distinct statement that the mule was "about ten years old" can not be excluded from the warranty. This is a material statement, the age of the mule being an important factor as to its value. The plea setting up the above warranty as to the age of the mule, and alleging that it was in reality about twenty-five years old can also be construed to be an attack upon the truth of this express warranty. *Mizell Live Stock Co.* v. *Banks*, 10 *Ga. App.* 362, 363, 364 (73 S. E. 410). For these reasons the court erred in striking the defendant's amended plea.

4. The error in striking the plea rendered all further proceedings in the case nugatory.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JANUARY 23, 1917.

Complaint; from city court of Hazlehurst—Gordon Knox, judge pro hac vice. April 17, 1916.

*Newton Gaskins, P. L. Smith, J. W. Haygood, Eldridge Cutts,* for plaintiff in error. *John Rogers Jr.,* contra.