27069.   FARMER *v.* LEE & SMITH MULE COMPANY.

DECIDED DECEMBER 3, 1938.   REHEARING DENIED DECEMBER 17, 1938.

*Herbert Vining, A. Melrose Lamar,* for plaintiff in error.
*Johnston & Jones,* contra.

STEPHENS, P. J.   1.   A provision in a contract for the sale of mules that the seller "does not guarantee the health, soundness, working qualities, recovery from shipping, cold, nor against impotency of" the mules sold and described in the contract, does not relieve the seller of any obligation under an express warranty in the contract as to the age of the mules. *Morton* v. *Tharpe,* 41 *Ga. App.* 788 (3) (154 S. E. 716).

2.   A provision in a contract for the sale of mules by which they are described as "about 8 years old" is an express warranty as to the age of the mules. *McDew* v. *Hollingsworth,* 19 *Ga. App.* 166 (3) (91 S. E. 246) ; *Mizell Live Stock Co.* v. *Banks,* 10 *Ga. App.* 362 (73 S. E. 410).

3.   Where the contract further provides that it is agreed that should the property sold be not suited for the purposes for which it was bought the purchaser will, within ten days from the date of the execution of the contract, return the property to the seller in the same condition in which the property was when purchased, and the seller will accept the property and cancel the indebtedness, but that upon a failure of the purchaser to return the property purchased· within ten days from that date the purchaser "waives any claim for damages or failure of consideration as against this contract, and likewise waives any defect in any of said property," the purchaser does not thereby waive any claim for damages or failure of consideration by reason of any defect warranted against by an express warranty, where the defect is latent and is unknown to the

purchaser, and in the exercise of ordinary care is not discoverable by him within the ten-day period, but which is known to the seller and is fraudulently concealed by him from the purchaser, and which he falsely represents to the purchaser as not existing. *Beasley* v. *Huyett,* 92 *Ga.* 273 (3) (18 S. E. 420).

4. In a suit by the seller against the purchaser to recover an alleged balance due on the purchase-price, where the defendant admitted the execution of the contract of sale, and where the plea set up that at the time of the sale the plaintiff, who had had many years experience in buying, selling, and handling mules, and was familiar with the devices by which the age of a mule is determined, falsely and fraudulently represented to the defendant that each of the mules sold to the defendant was only "about 8 years old," and thereby induced the defendant, who relied upon such representation, to complete the contract of purchase; that in fact, at the time, each of the mules was from 15 to 20 years old, and this was known to the plaintiff but was not known to the defendant, who was inexperienced in judging the ages of mules and was unfamiliar with the methods employed in determining the ages of mules and could not determine the ages of mules by any inspection which the defendant could have made before completing the contract of purchase; that all evidence as to the true age of the mules was undiscoverable by him and that he did not and could not, before the expiration of the ten-day period, discover the true ages of the mules; that upon the discovery of the ages of the mules he so informed the plaintiff and demanded of the plaintiff the cancellation and the surrender to the defendant of the note which the defendant had given for the purchase-price of the mules; and that by reason of the true ages of the mules they were worth no more than $35 each, which was less than $600, the purchase-price of both mules as recited in the contract, the plea set out a breach of the express warranty contained in the contract as to the ages of the mules, to the damage of the defendant. This breach of warranty was not waived by the terms of the contract, and it was not necessary for the purchaser to return the mules to the seller.

5. Where the defendant had paid only $200 on the purchase-price, and the mules, by reason of the breach of warranty, were worth no more than $70, the defendant's measure of damage for the breach of warranty was the difference between the amount paid on the purchase-price and the value of the mules, namely $130.

6. The defendant's plea setting out a breach of warranty and denying liability on the indebtedness sued on, and alleging, by way of recoupment, damages against the plaintiff in the sum of $130 for which the defendant prayed judgment against the plaintiff, set up a defense to the note sued on, and a right of recoupment against the plaintiff in the amount prayed for. The court erred in sustaining the plaintiff's demurrer to the plea and in thereafter causing a verdict and judgment to be rendered for the plaintiff.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I think the only recourse the defendant had in this case was rescission, and there was no offer to restore and no plea setting it up. The note provided that if the property was not returned in ten days any defects were waived. The purchaser was on notice that he had ten days within which to determine, under the terms of the note, whether the mules were suited for the purpose for which they were intended. My view is that it was his duty to ascertain whether they were unsuited, within the ten days, by reason of anything which an inquiry and investigation would have revealed, and an investigation would have as readily revealed the approximate ages as well as whether they would pull a wagon or plow. The purchaser would have been bound by the contract if he had sought to enforce it, if he had at the outset waived all warranties, express and implied, those imposed by law and otherwise, even if the contract had been procured by fraudulent representations. His only recourse would have been a rescission. In this case the purchaser did not tender back the mules he purchased, but he seeks to rely on the contract by pleading failure of consideration. This he can not do because he agreed to be bound unconditionally if he did not return the mules in ten days. The rule might be different if he could not have ascertained the ages of the mules within ten days. He alleges that he did not know how to ascertain their ages. He must have known that he did not, and his failure to learn how, or to get some one else to ascertain the ages for him, is no excuse under the law for his failure. The facts of this case distinguish it from the case of *Beasley* v. *Huyett,* supra. In that case the time set related to the express warranties solely, the breach was not discoverable within the thirty-day period, and there was no waiver of warranties. Judge Bleckley simply held there, in my judgment,

260

that it was·an actual fraud to make an express false and··fraudulent warranty and provide that if it was not discovered in thirty days retention of property would be evidence of compliance with the warranty, when as a matter of fact the breach of warranty could not be discovered in thirty days. In this case the breach of the express warranty might or might not have affected the suitability of the mules for the purposes intended. It was the purchaser's duty to find out in ten days, under the contract he signed, if he proposed to stand upon it rather than on his right to rescind.