27383. WHITE et al v. GENERAL DISCOUNT CORPORATION.

DECIDED JUNE 2, 1939.

Eldon Haldane, W. O. Slate, for plaintiffs in error.
Willis Smith, contra.

MacINTYRE, J. On May 16, 1938, W. L. Folds Motor Company sold to Leon and Harold White an automobile under a conditional-sale contract which was transferred to General Discount Corporation before maturity. The contract stipulated in part as follows: "This is to witness that I have this day examined, accepted in its present condition, and received of W. L. Folds Motor Company, hereinafter known as the Vendor, the following described property, to wit: New 1938 Plymouth Fordor Sedan, Serial No. 9100872, Motor No. P6-134963." The contract further stipulated: "These remedies however, shall be cumulative and not restrictive, and shall not be construed so as to deprive Vendor or assigns of its right to proceed at law. It is expressly agreed by me that this contract covers all conditions and agreements between the parties, and no verbal representations by any one whatsoever shall bind Vendor. Vendor makes no warranty or representation whatever, either express or implied, relative to said property, except as to title." The plaintiffs in error defaulted in payment, and the General Discount Corporation sued out an attachment in the municipal court of Atlanta, and at the first term filed a declaration. The defendants answered, denied indebtedness, and sought to recover over and against the plaintiff on a counter-claim of $231. The answer was dismissed on demurrer, with leave to amend. The answer as amended was stricken and the judge directed a verdict for the plaintiff. A motion for new trial was overruled, and the defendants excepted. In their answer they sought to set up "that the consideration of the note and contract, which is made the basis of the attachment sued out in this matter, has wholly and completely failed, in that the original vendor misrepresented the automobile sold to defendants as being a new automobile, when in matter of fact it was not a new automobile but a second-hand one or a used car."

This court in *Barfield v. Farkas,* 40 *Ga. App.* 559 (4) (150 S. E. 600), held: "Since fraud such as will afford relief against a contract must have been acted upon by the complaining party to his injury, it follows that where the agreement has been reduced to writing and the writing stipulates that it contains the entire agreement, and that the seller is not to be bound by *any sort of warranty,* either express or implied, the defendant in a suit on such a purchase-money note will not be permitted, *while affirming the contract, to plead damages by way of failure of consideration* by showing

that the seller had made false and fraudulent representations with reference to the subject-matter of the sale, unless he goes further and shows that he had been fraudulently induced and deceived into signing the note under a misapprehension as to its contents. *Purser* v. *Rountree,* 142 *Ga.* 836 (83 S. E. 958); *Holt & Duggan Co.* v. *Clary,* 146 *Ga.* 46 (90 S. E. 381); *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S. E. 1021.)" (Italics ours.) There is nothing in the plea in the instant case, which prayed for a judgment against the plaintiff, which alleged a readiness on the part of the defendants to account for hire and to do equity (*Standard Motors Finance Co.* v. *O'Neal,* 35 *Ga. App.* 727, 732, 134 S. E. 843); and we construe the plea as one in which the defendants sought, while affirming the contract, to set up damages because of failure of consideration, but not one in which they were rescinding the contract on the ground of actual fraud; for counsel for plaintiffs in error, in his brief, says that he "readily concedes that if the automobile in question had been a used or second-hand one, and only the warranty of title was embodied in the sales contract, that the decision of the trial judge would have been eminently correct; but it is difficult for counsel to conceive of the sale of a brand-new automobile with the exclusion of all warranties save that of title." The plea not being an effectual plea of rescission, the makers of the note were bound by the statement excluding all warranties and representations; the plea not showing that the makers were induced actually to sign the note by reason of the perpetration of some fraud or device such as would excuse their lack of knowledge as to its contents. *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (127 S. E. 158). In short, the plea is not effectual to rescind the contract, but it attempts to set up damages by way of a failure of consideration as compensation; for the defendants were affirming and not rescinding the contract. *Wright* v. *Zeigler,* 70 *Ga.* 501 (5).

This case is differentiated from *Farmer* v. *Lee & Smith Mule Co.,* 59 *Ga. App.* 257 (200 S. E. 467), and *Beasley* v. *Huyett & Smith Mfg. Co.,* 92 *Ga.* 273 (18 S. E. 420), in that the disclaimer or exclusion of warranties in the instant case is more comprehensive and sweeping than in those cases. It follows that the judge did not err in directing a verdict for the plaintiff, and in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*