### 18690. PRITCHARD v. BOARD OF COMMISSIONERS OF PEACE OFFICERS ANNUITY & BENEFIT FUND OF GEORGIA et al.

ARGUED SEPTEMBER 17, 1954—DECIDED OCTOBER 11, 1954.

*Killebrew & McGahee, Paul K. Plunkett,* for plaintiff in error.
*Gambrell, Harlan, Barwick, Russell & Smith,* contra.

MOBLEY, Justice. The act of 1950 (Ga. L. 1950, p. 50) provided in section 12 that any officer under the act who became totally or permanently disabled after having served a required length of time, etc., should be paid a pension during disability, the section specifying the amount, terms, and conditions, all of which are immaterial to a ruling in this case. Section 18 of the act provided: "All rights and benefits provided herein shall be subject to future legislative change or revision and no beneficiary herein provided for shall be deemed to have any vested right to any annuities or benefits provided herein."

The act of 1951 (Ga. L. 1951, p. 472, section 4) repealed section 12 of the act of 1950, completely eliminating payments for disability. The act of 1952 (Ga. L. 1952, p. 83) provided for payments for permanent or total disability where the disability occurred in line of duty.

Petitioner does not allege he became totally or permanently disabled in line of duty, but relies on section 12 of the act of 1950, and contends that section 4 of the act of 1951 repealing section 12 of the act of 1950 is unconstitutional for the reason that it violates article I, section X, paragraph I of the Constitution of the United States (Code § 1-134) and article I, section III, paragraph II of the Constitution of Georgia (Code, Ann., § 2-302), which provide that no ex post facto law, retroactive law, or law impairing the obligation of contracts shall be passed.

The only question at issue is whether section 4 of the act of 1951, repealing section 12 of the act of 1950, thereby eliminating payment for permanent or total disability, violates the constitutional provisions above referred to. It does not, because in passing the original act in 1950, the legislature specifically provided in section 18 that "all rights and benefits provided herein shall be subject to future legislative change or revision and no beneficiary herein provided for shall be deemed to have any vested right to any annuities or benefits provided herein."

The plaintiff in error qualified under the act of 1950 and paid his money into the fund with the act providing that it was subject to legislative change and that he should not have any vested right to annuities or benefits in the fund. There was no contract that the plan of annuities and benefits should never be changed. On the contrary, it was recognized that the legislature might find it necessary to make changes; and even if he had vested rights, which the act specifically provided against, there was no vested right to a continuation of the original plan, which experience might demonstrate would result disastrously to the fund and its members. Wright v. Minnesota Mutual Life Insurance Co., 193 U. S. 657 (24 Sup. Ct. 549, 48 L. ed. 832).

The Supreme Court of the United States in White v. United States, 270 U. S. 175 (46 Sup. Ct. 274, 70 L. ed. 530), held that the beneficiary under a certificate of war risk insurance, which provided that it should be subject not only to the War Risk Insurance Act but to any future amendments thereof, had not such a vested right in the instalments payable as would prevent letting in another beneficiary not eligible under the statute originally, but named in the soldier's will and made eligible by an amendment of the statute passed after his death; citing Helm-

60

holz *v.* Horst, 294 Fed. 417, and Gilman *v.* United States, 294 Fed. 422.

Applying the above principle, the amendment, sec. 4, act of 1951, repealing the provision for permanent or total disability benefits was not unconstitutional for any reason assigned. Accordingly, the error complained of is without merit, and the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*