40501. ALEXANDER v. DEALERS SUPPLY COMPANY.

DECIDED MARCH 17, 1964.

*Howard Moore, Jr.,* for plaintiff in error.

FELTON, Chief Judge. We must first construe the stipulation. It was to the effect that notice of the assignment to the plaintiff was the only question in the case. This could only mean that the question to be decided was whether the debtor had paid the amount due on the assigned contract to the assignor thereof before notice of the assignment was given to him by the assignee. If the balance sued for was still unpaid and remained due the question of notice would not be an issue because the copy of the suit would have been notice of the assignment. So the answer to the question raised is whether as a matter of law the evidence failed to show notice of the assignment of the account or con-

tract to the defendant. The evidence demands the finding that the defendant received no notice of the assignment. The fact that $650 of the original account was paid to the plaintiff instead of the assignor was indisputably explained in that the assignor directed that this specific payment be made to the plaintiff by the defendant for a specific reason, not for the reason that the account had been assigned. The only evidence tending to show notice of the assignment was a registered letter addressed to the defendant at an improper address, which was delivered to and receipted for by a person signing the receipt as agent for the defendant. The uncontradicted evidence showed that the letter was sent to the wrong address so no presumption arises that it was delivered at the right address. The uncontradicted evidence showed that the person who received the letter and receipted for it was not the agent of the defendant and that the defendant never saw the letter. There are no circumstances shown in the evidence which are inconsistent with the direct and positive testimony of otherwise unimpeached witnesses which shows the above facts. In such circumstances the trior of fact is required to accept the direct and positive testimony. This principle is so well known that we shall content ourselves with one citation. *Federal Reserve Bank of Atlanta v. Haynie*, 46 Ga. App. 522 (168 SE 112) and citations.

The court erred in finding for the plaintiff.

*Judgment reversed. Frankum and Pannell, JJ., concur.*