## 58862. R. L. SANDERS ROOFING COMPANY v. MILLER et al.

CARLEY, Judge.

On November 10, 1976, appellees, Miller and Sunset Investments, Ltd., filed their original complaint in two counts against the appellant, Sanders Roofing. Subsequently, on April 5, 1977, an amended complaint of four counts was filed. Thereafter, on May 8, 1978, three counts were voluntarily dismissed by the appellees. Of those remaining after this voluntary dismissal, one count alleged that the appellant had contracted on April 20, 1966, for materials and installation of a roof on a building owned by appellees, that the work was substantially completed in December of 1966, and that the appellant was negligent in the construction, installation and use of materials on the roof. The second count averred that the appellant had contracted on April 20, 1966, for the furnishing of materials, labor and installation of a "20 year type asphalt and crushed stone roof" on the building, that the roof was "not a 20 year roof" and was incapable of meeting the conditions and performing the functions for which it was purchased, was not properly installed and improper and inferior materials were used and that the appellant was, therefore, in breach of contract. The third count alleged that the appellant had "expressly warranted that the roofing system it was to furnish would be a twenty year type asphalt and crushed stone built up roof . . . that the roof was not as warranted, was defective, and it failed prior to the expiration of the 20 year period" and that the appellant was, therefore, in breach of warranty.

The appellant answered, denying the material allegations of the complaint and raising the affirmative defense of statute of limitation. After discovery, the appellant moved for summary judgment, supported by the affidavit of its president. Appellees apparently filed no affidavits in opposition. A hearing was held on the motion and the trial court granted summary judgment in favor of appellant as to the first count in negligence but denied the

motion as to the two counts in contract. This appeal, taken pursuant to this court's grant of a petition for interlocutory review, is from the order denying the appellant's motion for summary judgment as to those two counts.

1. The count alleging the appellant's breach of the original April 20, 1966 contract is an action on a simple contract in writing and the six-year statute of limitation, Code Ann. § 3-705, and not the eight-year statute, Code Ann. § 3-1006, applies. "Code Ann. § 3-1006 was intended to establish an outside time limit which would commence upon the substantial completion of an improvement to the real property, within which preexisting statutes of limitation would continue to operate. [Cit.]" *Benning Const. Co. v. Lakeshore Plaza Enterprises,* 240 Ga. 426, 428 (241 SE2d 184) (1977). See also *Landon v. Williams Bros. Concrete Co.,* 149 Ga. App. 699 (256 SE2d 99) (1979).

Appellees' complaint itself alleges that the contract sued upon was substantially completed in December of 1966 and that appellant had been paid in full pursuant to the contract. The contract provided: "Upon completion, the Buyer [appellees] shall immediately inspect Seller's [appellant's] work, and issue an acceptance to the Seller, provided the work has been completed according to the terms of the working contract and full settlement shall be made in accordance with this agreement. A full and complete acceptance of the work shall be presumed upon the Buyer making final settlement, and/or executing a note for final settlement." Evidence in the record clearly demonstrates that appellee-Miller, owner of the building, leased it as of December 3, 1966 and that the roofing contract here sued on was completed no later than March of 1967. Therefore, any breach of contract action based upon the improper design and installation of the roof accrued, at the latest, in March of 1967. " 'Under Georgia law, the statute of limitations runs from the time the contract is broken "and not at the time the actual damages results or is ascertained." [Cits.]' [Cits.]"*Space Leasing Assoc. v. Atlantic Bldg. Systems,* 144 Ga. App. 320, 324 (241 SE2d 438) (1977). Therefore, neither the initial complaint nor the amendment containing the count for breach of contract having been filed within the six-year limitation

period, it was error to deny the appellant's motion for summary judgment as to this count. *Benning Const. Co. v. Lakeshore Plaza Enterprises,* 240 Ga. 426, supra; *Space Leasing Assoc. v. Atlantic Bldg. Systems,* 144 Ga. App. 320, 323 (2), supra.

2. The appellant's motion for summary judgment as to the "breach of express warranty" count presents a more difficult problem. The allegations of this count were that "pursuant to the contract . . . [the appellant] expressly warranted that the roofing system it was to furnish would be a twenty year type asphalt and crushed stone built up roof [and] that the roof was not as warranted, was defective, and that it failed prior to the expiration of the 20 year period." The appellant denied these allegations in its answer. The appellant's president, in his affidavit in support of the motion, swore that the appellant had never issued a warranty or guarantee that a roof installed by it would last for twenty years. Appellees produced no evidence of a guarantee or warranty on the roof other than the original contract itself. Compare *Benning Const. Co. v. Lakeshore Plaza Enterprises,* 240 Ga. 426, supra; *Caroline Realty Investment v. Kuniansky,* 127 Ga. App. 478, 480 (2) (194 SE2d 291) (1972). Thus, apparently, appellees are relying on the following provisions of the original contract to establish an express warranty: "Said work proposed by the Seller [the appellant] shall be materials and labor to complete the following, to wit: . . . Furnish and install 20 year type asphalt and crushed stone built-up roof over 3/4" fiberglass roof insulation. (No Bond)." Even assuming that, standing alone, this provision could be construed as an express warranty and that it could be construed as an express warranty that the roof would be free from defects for a twenty-year period (*McDew v. Hollingsworth,* 19 Ga. App. 166 (91 SE 246) (1916)), in the context of the *entire* contract here sued on, such is clearly not the case. The contract provides: "Guarantee. There shall be no guarantees, nor liabilities on the Seller [the appellant] after the work is completed, except as may be provided in this proposal by a reference to specifications covering the proposed work, or as may be provided specifically in this proposal, however, any such reference and/or provision shall be strictly construed only

as an obligation on the Seller to issue a written guarantee upon completion of the work, and in no event as the sum and substance and/or provisions of a guarantee, except a possible statement as to the duration of the guarantee to be issued by the Seller. And it is mutually agreed that all guarantees to be binding upon Seller must be in writing, whether issued voluntarily, or in accordance with this proposal, and that whenever the Seller, upon completion of the work as provided, shall issue to the Buyer [appellees], such a written guarantee, the liability of the Seller shall be limited to the terms and provisions of such guarantee and confined to the ' work actually done hereunder . . . It is further agreed that in the event the Buyer, upon final settlement to the Seller, fails or neglects to require such a guarantee as may have been predicated by the parties hereof, the same shall be construed as a waiver by the Buyer of all rights under the predicated guarantee." This above quoted provision clearly demonstrates that the contract stipulation to "[f]urnish and install 20 year type" roof was not itself a guarantee but that it *could be* the predicate for a twenty-year guarantee or liability on the appellant's part if such guarantee were made in writing. The provision also clearly demonstrates that upon final ᐧ settlement appellee's failure or neglect to require such a written guarantee would be a waiver of any guarantee by or liability on the appellant. Thus the contract itself provides that the provision for a "20 year type" roof in the original contract was not an express warranty or guarantee but that any such warranty or guarantee must be in writing. As noted, the appellant's supporting affidavit demonstrates that the appellant "never issued a warranty or guarantee that a roof installed by [it] would last for twenty years" and appellees failed to produce an express warranty in writing that the roof would be free from defects for a twenty-year period. Thus, considering the pleadings and the evidence produced on the motion, appellees' "breach of express warranty" count has been "pierced" by a showing that it does no more than allege that the appellant breached the *original contract provision* to "[f]urnish and install 20 year type" roof. This contract provision to so furnish and install was breached,

if at all, in March of 1967 and the instant suit, having been instituted more than six years thereafter would be barred by Code Ann. § 3-705. *Space Leasing Assoc. v. Atlantic Bldg. Systems* 144 Ga. App. 320, 324, supra. The appellant should have been granted summary judgment as to the "breach of express warranty" count.

3. The appellant, having raised the affirmative defense of the statute of limitation and having supported that defense with evidence which effectively pierces appellees' claim and appellees having failed to come forward with evidence which would toll the statute, summary judgment was erroneously denied. *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131) (1975).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 31, 1980.

*Stephen M. Phillips, David R. Hendrick,* for appellant.

*John A. Chandler,* for appellees.