## S92A0510. PULLIAM v. GEORGIA FIREMEN'S PENSION FUND et al.

### (419 SE2d 918)

BENHAM, Justice.

After receiving a disability pension from the Georgia Firemen's Pension Fund for almost 20 years, appellant was notified that his pension would be terminated. The termination was a result of the 1989 amendment to OCGA § 47-7-102 (f) which provided for termination of benefits in the event a pensioner was employed in any capacity at least half-time. OCGA § 47-7-102 (f) (3) (B) (i). In response to a request from the Fund, appellant submitted documentation regarding his employment. He was subsequently notified that his benefits would be suspended and that he was entitled to a hearing before the trustees of the Fund. The only issue he raised at that hearing was the legality of the statutory amendment. The suspension of his benefits was affirmed. That suspension was upheld by the superior court on the basis of OCGA § 47-7-121:

> Benefits under this chapter shall be subject to future legislative change and revision and no member of this fund or any other persons shall be deemed to have any vested right to any benefits, . . .[1]

---

[1] Similar provisions appear in OCGA § 47-16-120, pertaining to the Sheriffs' Retirement

On appeal, appellant again contests the legality of the 1989 amendment to the pension statute and complains that he was denied due process of law in the course of the benefit suspension proceedings.

1. In three enumerations of error, appellant contends that the trial court erred in holding (1) that he had no contractual right to benefits under the terms of the pension statute as it existed prior to 1989, (2) that the 1989 legislation could be applied to appellant without an unconstitutional impairment of contract, and (3) that the 1989 amendment did not violate the Georgia statutory prohibition against retroactive legislation. All those issues revolve around the central issue of whether appellant had a property right in the benefits which could not be taken by legislative action. In asserting that he did, appellant relies heavily on *Withers v. Register*, 246 Ga. 158, 159 (269 SE2d 431) (1980):

> [A] statute or ordinance establishing a retirement plan for government employees becomes a part of an employee's contract of employment if the employee contributes at any time any amount toward the benefits he is to receive, and if the employee performs services while the law is in effect; and . . . the impairment clause of our constitution [cit.] precludes the application of an amendatory statute or ordinance in the calculation of the employee's retirement benefits if the effect of the amendment is to reduce rather than increase the benefits payable. It is not necessary for an application of this rule that the rights of the employee shall have become vested under the terms of the retirement plan while the amendment is in effect. Rather, if the employee performs services during the effective dates of the legislation, the benefits are constitutionally vested, precluding their legislative repeal as to the employee, regardless of whether or not the employee would be able to retire on any basis under the plan. [Cits.]

In asserting that appellant had no property right in his pension benefits, appellee relies on this court's decision in *Pritchard v. Bd. of Commn. &c. Benefit Fund of Ga.*, 211 Ga. 57, 59 (84 SE2d 26) (1954), applying a statutory provision equivalent to that involved here:

> [Appellant] paid his money into the fund with the act providing that it was subject to legislative change and that he should not have any vested right to annuities or benefits in the fund. There was no contract that the plan of annuities and benefits should never be changed. On the contrary, it

---

Fund of Georgia, and § 47-17-101, pertaining to the Peace Officers' Annuity & Benefit Fund.

was recognized that the legislature might find it necessary to make changes. . . .

Although appellant insists that the two cases are inconsistent and that *Withers* supersedes *Pritchard*, we find no such inconsistency. The basis for the constitutional vesting of rights in pensions is that the pension rights are property and cannot be taken. However, they are property because they become part of the contract of employment, and as this court pointed out in *Pritchard*, the provision for subsequent amendment was part of the contract when appellant entered into it. We find *Pritchard* controlling. The trial court did not err in upholding appellee's suspension of appellant's disability pension benefits.

2. Appellant's claim of a denial of federal due process in the suspension process is not persuasive. As we noted above, the legislature reserved the right in itself to change the rights and benefits under the pension act. Since the act, which controlled entitlement to benefits could be changed, appellant obtained no property interest in it. See *Berry v. City of Portsmouth, Virginia*, 562 F2d 307 (1) (4th Cir. 1977). There being no property interest to be protected, the Due Process Clause of the United States Constitution has no application to this case.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Fletcher and Sears-Collins, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Kirwan, Goger, Chesin & Parks, A. Lee Parks, Harlan S. Miller III,* for appellant.
*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Michael J. Bowers, Attorney General,* for appellees.