## A98A1809. CITY OF LAFAYETTE v. BATES.
(507 SE2d 252)

JOHNSON, Presiding Judge.

J. W. Bates, a retired City employee, sued the City of Lafayette for breach of contract, seeking payment for the unused sick leave which he had accumulated at the time of his retirement. The City of Lafayette moved for summary judgment on the pleading contending that the claim was barred by the six-year statute of limitation applicable to simple contracts. OCGA § 9-3-24. The trial court denied the motion and the City filed this appeal following our grant of its application for interlocutory review.

Bates was hired by the City in 1963. In 1984, the City promulgated a sick leave policy providing that "employees who are retiring under the City's retirement plan shall be eligible for pay for accumulated unused sick leave (up to 90 days) at their regular rate of pay at time of retirement." However, on February 8, 1988, the City Council voted to phase-out this sick leave policy beginning on January 1, 1989, so that by January 1, 1993, retirees would no longer be entitled to payment for unused sick leave. Bates retired on July 11, 1997. He filed this lawsuit on August 11, 1997, approximately nine-and-one-half years after the City Council voted to phase-out the policy.

On appeal, the City contends that Bates was required to file suit within six years of the date when the City Council voted to phase-out the unused sick leave policy. Bates contends he could file suit within six years of his retirement date. For the following reasons we reverse the ruling of the trial court.

Assuming without deciding that the 1984 sick leave policy contained language on its face which shows that a contractual relationship was created between the City and its employees, it was not an executory contract. Thus, *Piedmont Life Ins. Co. v. Bell*, 103 Ga. App. 225, 233 (3) (119 SE2d 63) (1961), and its progeny, cited by Bates, are distinguishable from the facts of this case. The 1984 sick leave policy vested in all City employees who would thereafter retire an immediate right to receive payment for up to 90 days of unused sick leave. The City's obligation to pay for unused sick leave would have arisen effective upon the date of the policy's enactment. However, the exact amount of payment would be calculated at the time of the employees' retirement and payment would be made at that time. The employees were given this benefit gratuitously.

Contrary to Bates' contention, the unused sick leave policy was a part of the City's overall sick leave plan and was not a part of its separate and distinct retirement policy. While Bates contributed to his retirement, nothing in the record reveals that he made any form of monetary contributions to the City's sick leave benefit plan, and the unused sick leave policy reflects on its face that he was not required

to do so. Thus, Bates' reliance on *Swann v. Bd. of Trustees &c.*, 257 Ga. 450 (360 SE2d 395) (1987), to establish that the City Council's ultimate revocation of the unused sick leave policy was an ultra vires act and void, is misplaced.

This case is controlled by our decision in *Gamble v. The Lovett School*, 180 Ga. App. 708 (350 SE2d 311) (1986). "In contract actions the time of the breach controls, not the time the actual damages result or are ascertained." Id. at 710; see *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680) (1933). Although the City's 1988 policy phased-out the 1984 policy over an extended period of time, any breach of contractual duties occurred when the 1988 policy was enacted on February 8, 1988. Thus, the six-year statute of limitation period began running on February 8, 1988. See *Gamble*, supra. The trial court erred in denying the City's motion for judgment on the pleadings.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 25, 1998 —
RECONSIDERATION DENIED OCTOBER 7, 1998 — 

*Elarbee, Thompson & Trapnell, J. Lewis Sapp, Laura K. Johnson, Ronald R. Womack*, for appellant.
*Cunningham & Mullinax, William D. Cunningham*, for appellee.