A99A1834. GATEFIELD CORPORATION v. GWINNETT COUNTY.
(524 SE2d 553)

McMURRAY, Presiding Judge.

Gwinnett County mistakenly condemned certain land owned by Gatefield Corporation ("Gatefield"). Because this error unfairly penalized Gatefield, this Court remanded the case sub judice to the trial court in *Gatefield Corp. v. Gwinnett County*, 234 Ga. App. 621, 622 (2) (507 SE2d 164), with directions for the trial court to conduct a hearing to determine an amount required to reimburse Gatefield for the actual and necessary expenses incurred by Gatefield as a result of the County's error. Grady Smith, a major stockholder and vice-president of Gatefield, was the only witness who appeared at a hearing which the trial court conducted upon remand. Smith testified that Gatefield's expenses for responding to the County's condemna-

tion action were $84,699.30. Smith explained that this total includes a $20,000 consulting fee to his brother, $28,030 in attorney fees, $3,862.50 for his own time, $733 for a transcript, $2,500 for an appraisal, an unspecified amount for property taxes paid while the property was "tied up for 2 years[,]" and an unspecified amount for damaged trees on Gatefield's property. Smith admitted during cross-examination that Gatefield had not actually paid his brother's $20,000 consulting fee; that this fee was based on a $10,000 per day rate; and that Gatefield retained Smith's brother as a consultant because "[h]e's been involved in a lot of law suits and condemnations and so he's pretty educated."

The trial court entered an order finding that Gatefield's expenses amounted to $37,125.50. Gatefield filed this appeal, contending that the trial court erred in failing to adopt all of Smith's testimony as the measure of Gatefield's actual and necessary expenses. *Held*:

1. The trial court, sitting as a finder of fact, was not required to accept Smith's testimony as the measure of Gatefield's actual and necessary expenses because the question of damages relating to the expenses of litigation is a matter left solely to the finder of fact. *Tab Sales v. D & D Distrib.*, 153 Ga. App. 779, 780 (2) (266 SE2d 558). See *Hallman v. Emory Univ.*, 225 Ga. App. 247, 251-252 (3) (483 SE2d 362). Further, since we cannot say that Smith's testimony was without possibility of bias or fault, we find that Gatefield has misplaced reliance on the rule that direct and positive testimony, which is not incredible, impossible, or inherently improbable, must not be arbitrarily rejected by a finder of fact. See OCGA § 24-4-7. Compare *Thomas v. Lockwood*, 198 Ga. 437, 445 (1) (31 SE2d 791); *Western &c. R. Co. v. Beason*, 112 Ga. 553, 555-556 (37 SE 863); *Alexander v. Dealers Supply Co.*, 109 Ga. App. 375, 376 (136 SE2d 252).

2. Since the County has not filed a cross-appeal, we do not reach the County's assertions that the evidence is insufficient to sustain the trial court's findings regarding the measure of Gatefield's actual and necessary expenses.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 1999 —
RECONSIDERATION DENIED NOVEMBER 17, 1999.

*Harrison & Harrison, Gresham H. Harrison*, for appellant.
*Karen G. Thomas, Michael V. Stephens II*, for appellee.