A99A1584. CITY OF EAST POINT v. SEAGRAVES et al.
(524 SE2d 755)

BLACKBURN, Presiding Judge.

The City of East Point (City) appeals the trial court's order requiring it to pay former employees, Louis P. Seagraves and Lawrence E. Daniels, compensation for unused sick days from January 1, 1979, to the date of their retirement. Based on agreement by the parties, the trial court decided the case on briefs submitted. The trial court determined that Seagraves and Daniels had a vested right in compensation for their unused sick days and that the impairment clause of the Georgia Constitution precluded the application of a 1979 ordinance which changed the City's policy on payment for unused sick days. The City contends that the trial court erred by: (1) failing to consider whether the statute of limitation barred Seagraves' and Daniels' claims and (2) finding that the impairment clause of the Georgia Constitution prohibited the City from changing its policy regarding payment for unused sick days. For the reasons set forth below, we reverse.

When Seagraves and Daniels began employment with the City in the early 1970s, the governing ordinance granted compensation to employees for all unused sick days upon their retirement. In 1979, the City amended the Code of Ordinances to provide that unused sick leave accrued after December 31, 1978, would not be compensated for at retirement. Seagraves and Daniels retired in August 1993 and June 1995, respectively, at which time, they were paid for unused sick leave accrued prior to December 31, 1978. They were not compensated for any accrued after the date of the new ordinance.

1. Although in its enumeration of error the City contends that Seagraves' and Daniels' claims were waived, it argues in its brief that the waiver is based on the expiration of the statute of limitation. In order to fairly consider the City's contentions, we will address this enumeration of error. Seagraves and Daniels contend that their right to be compensated for all unused sick leave during their employment with the City vested in them when they began working under the terms of the 1966 City ordinance. Their complaint raises breach of contract claims.

In *City of Lafayette v. Bates*, 234 Ga. App. 662 (507 SE2d 252) (1998), a retired city employee sued the city seeking payment for unused sick leave. During his tenure with the city, the ordinance providing for payment of unused sick leave was amended and eventually phased out altogether. Id. We determined that Bates was required to file suit within the six-year statute of limitation for breach of contract. OCGA § 9-3-24. We held that "[t]he City's obligation to pay for unused sick leave would have arisen effective upon the date of the *policy's enactment*." (Emphasis supplied.) *City of Lafayette v. Bates*, supra at 662. Additionally,

> [i]n contract actions the time of the breach controls, not the time the actual damages result or are ascertained. *R. L. Sanders &c. Co. v. Miller*, 153 Ga. App. 225, 226 (1) (264 SE2d 731) (1980). As held in *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680) (1934), "the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.'" Actual damage is not essential, but the right of action has its inception upon the breach of duty.

*Gamble v. Lovett School*, 180 Ga. App. 708, 710 (350 SE2d 311) (1986). Therefore the breach, if any, in the present case occurred in 1979 when the ordinance granting the benefits was repealed. "Here, although the monetary damage was yet to come, the contract was breached when the security was lost, more than six years before the action was brought." Id. This is consistent with our holding in *City of*

*Lafayette v. Bates*. Both Seagraves and Daniels continued to work without objection to the policy change well beyond six years from the date of amendment in 1979. For this reason, Seagraves' and Daniels' claims are barred by the statute of limitation.

Seagraves and Daniels erroneously argue that their claims cannot be barred by the expiration of the statute of limitation because the impairment clause does not raise an action for breach of contract, but is a separate and distinct claim altogether. However, Georgia courts have historically treated impairment clause cases as breach issues. *City of Lafayette v. Bates*, supra. See also *Murray County School Dist. v. Adams*, 218 Ga. App. 220 (461 SE2d 228) (1995); *Pulliam v. Ga. Firemen's Pension Fund*, 262 Ga. 411 (419 SE2d 918) (1992); *City of Athens v. McGahee*, 178 Ga. App. 76 (341 SE2d 855) (1986).

The special concurrence does not disagree with the analysis in this division, it merely contends that the issue is not ripe for consideration by this Court. However, the issue is appropriately addressed herein because it demonstrates the procedural pitfalls of litigation involving retirement benefits. Determining the application of the statute of limitation is essential in this type of case and gives necessary guidance to the bench and bar. Our Supreme Court has recently indicated its dissatisfaction with this Court's hypersensitivity to technical rules as a basis for not addressing issues before this Court. See *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999), reversing 234 Ga. App. 509 (507 SE2d 172) (1998).

2. Additionally, regardless of whether Seagraves' and Daniels' claims are barred by the expiration of the statute of limitation, they are substantively without merit.

The trial court's ruling was based on an erroneous finding that the City ordinances were part of the Retirement Benefits Plan (Retirement Plan) to which the plaintiffs had made monetary contributions. The trial court reasoned that benefits under a government retirement plan vest if the employee contributes to the benefits to be received and if services are performed by the employee during the effective dates of the law granting those benefits.

The trial court's reasoning was correct with regard to retirement benefits. See *City of Athens v. McGahee*, supra. However, in the present case, the City's policy of paying for unused sick leave was separate and distinct from the City's retirement plan. The Retirement Plan is found in the City Charter, and sick leave benefits were provided for in the Code of Ordinances. While Seagraves and Daniels made monetary contributions to their retirement fund, they concede that there is no reference in the Retirement Plan to sick leave benefits and that they made no contributions to benefits under the sick leave plan. They contend, however, that the ordinances integrate

sick leave benefits into the retirement benefits. The ordinances do not integrate sick leave benefits and only refer to retirement as a reference point. This is a logical inclusion since it is impossible to know how many total unused sick days a person will have until he reaches retirement. Thus, the ordinance's reference to retirement is a matter of administrative convenience rather than an attempt to integrate it with the Retirement Plan. Sick leave benefits were not part of the Retirement Plan. Seagraves and Daniels did not make financial contributions for sick leave benefits.

Moreover, even if the unused sick leave policy was part of the Retirement Plan, under these facts the employees would not have a vested right to those benefits. The Retirement Plan, Article XIII of the City Charter, provides:

> the employer expects the plan to be continued indefinitely but, of necessity, reserves the right to terminate the plan and contributions thereunder at any time by action of the governing authority. Such termination shall be accomplished by the adoption of an ordinance by the governing authority terminating the plan.

A statute similar to this provision was at issue in *Pritchard v. Bd. of Commrs. of Peace Officers Annuity &c.*, 211 Ga. 57, 59 (84 SE2d 26) (1954), wherein the Court held that a state employee "should not have any vested right to annuities or benefits," where the act creating benefits states that it is subject to legislative change. This principle was reaffirmed by the Supreme Court, when it held that rights to employee benefits arise "because they become part of the contract of employment, and as this court pointed out in *Pritchard*, the provision for subsequent amendment was part of the contract when appellant entered into it." *Pulliam v. Ga. Firemen's Pension Fund*, supra at 413 (1). Seagraves and Daniels, therefore, had no vested right to compensation for unused sick days under Georgia law.

*Judgment reversed. Ellington, J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

Even though I agree with the majority that the trial court's judgment must be reversed for the reasons stated in Division 2, I write separately because I cannot agree that the issue discussed in Division 1 is properly before this court.

Our Supreme Court recently held:

> This Court and the Court of Appeals are courts of review. 1983 Ga. Const., Art. VI, Sec. V, Par. III; Art. VI, Sec. VI, Par. II. As appellate courts, we are courts for the correction

of errors of law made by the trial courts. *Mills v. State*, 188 Ga. 616, 623 (4 SE2d 453) (1939). In appellate practice, an error of law is "a false or mistaken conception or application of the law. Such a mistaken or false conception or application of the law to the facts of a cause as will furnish ground for a review of the proceedings. . . ." Black's Law Dictionary (5th ed.). An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. *Lee v. State*, 265 Ga. 112 (8) (454 SE2d 761) (1995); *Irvin v. Askew*, 241 Ga. 565 (2) (246 SE2d 682) (1978).

*Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

Because the City's sole enumeration of error alleges only that "[t]he superior court erred in ruling that the City of East Point must pay the claimed unused sick leave benefits by holding that the City's 1979 ordinance was precluded by the Georgia Constitution and by not considering the employees' claims waived," the City never moved for summary judgment based on the statute of limitation, and, consequently, the trial court never ruled on this issue, we cannot reverse the trial court based upon what we perceive to be a violation of the statute of limitation. *Felix v. State*, supra. See *Boggs v. Madison County*, 240 Ga. App. 849 (524 SE2d 553) (1999) ("An appellant cannot travel on one ground below, find the wind blowing in another direction, change tack, and head elsewhere on appeal."). Accordingly, I cannot concur with reversing the trial court on an issue that was neither enumerated as error nor presented to the trial court for a ruling.

DECIDED NOVEMBER 4, 1999.

*David J. Couch*, for appellant.
*Daniel F. Byrne*, for appellees.