## 36120. WITHERS et al. v. REGISTER et al.

NICHOLS, Justice.

The city established by ordinance in 1966 a retirement plan for its employees supported by employer and employee contributions. Early retirement benefits were established in amounts less than an employee's normal age 65 retirement benefits. The plan was amended by ordinance in 1970 for the purpose of establishing minimum retirement benefits for both early and normal date retirement. This amendment omitted as to early retirement benefits, but included as to normal age 65 retirement benefits, a mathematical factor that had been included in the written recommendations of the city's actuaries regarding the manner in which both early and normal retirement benefits should be calculated. This omission later was discovered and the plan was amended by ordinance in 1975 to correct this oversight.

If the early retirement benefits of Register, et al. (hereinafter "the employees") are calculated based upon the 1975 amendment, they will receive payments in amounts less than their normal retirement benefits would have been at age 65. If, on the other hand, their early retirement benefits are calculated on the basis set forth in the 1970 amendment, the payments will exceed by some 200 to 300

percent the benefits they would have received upon normal retirement at age 65.

The city contends that it is entitled to correct the typographical mistake that resulted in the factor being omitted from the formula. The employees contend that the 1975 amendment cannot be applied to them so as to divest them of the early retirement benefits granted by the 1970 amendment.

1. Long before the rule was recognized generally by the courts of the several states, it was the law of this state that a statute or ordinance establishing a retirement plan for government employees becomes a part of an employee's contract of employment if the employee contributes at any time any amount toward the benefits he is to receive, and if the employee performs services while the law is in effect; and that the impairment clause of our constitution (Art I, Sec. I, Par. VII, Constitution of Georgia of 1976; Code Ann. § 2-107) precludes the application of an amendatory statute or ordinance in the calculation of the employee's retirement benefits if the effect of the amendment is to reduce rather than increase the benefits payable. It is not necessary for an application of this rule that the rights of the employee shall have become vested under the terms of the retirement plan while the amendment is in effect. Rather, if the employee performs services during the effective dates of the legislation, the benefits are constitutionally vested, precluding their legislative repeal as to the employee, regardless of whether or not the employee would be able to retire on any basis under the plan. *Burks v. Board of Trustees of the Fireman's Pension Fund,* 214 Ga. 251 (104 SE2d 225) (1958); *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756)(1950), cert. denied 340 U. S. 878; *Trotzier v. McElroy,* 182 Ga. 719 (186 SE 817) (1936).

The foregoing principles cannot, at this late date, be placed in doubt. Neither, however, can it be doubted that parties to a contract cannot claim unconstitutional impairment of their contractual rights simply because a court of equity has reformed their written agreement to speak the true intentions of the parties. The concept of reformation in equity has coexisted through the years with the constitutional precept that condemns laws that impair rights vested under contracts. The impairment clause does not preclude reformation of contracts. Accordingly, the employees cannot seriously contend that they have a constitutionally vested right to early retirement benefits calculated using a mathematical formula that omitted, as a result of a typographical error, one salient factor, thereby producing benefits for early retirees that would be some 200 to 300 percent in excess of the benefits those employees would have received had they remained in service until age 65.

2. Furthermore, the employees may take no comfort in the fact that the city may have calculated the early retirement benefits of other former employees using the formula expressed in the 1970 ordinance. The city would not be estopped to deny errors in the administration of the retirement plan. *Board of Commrs. of Peace Officers Annuity &c. Fund v. Clay,* 214 Ga. 70 (2) (102 SE2d 575)(1958); *McCallum v. Almand,* 213 Ga. 701, 705 (100 SE2d 924) (1957). Neither is the city estopped to deny the legislative omission that forms the basis for the contentions of the employees in the present case.

The trial court erred in granting summary judgment to the employees.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 4, 1980 — DECIDED
JUNE 27, 1980 —
REHEARING DENIED JULY 15, 1980.

*Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Jr.,* for appellants.

*C. Saxby Chambliss,* for appellees.