## 37937, 37938. LOMAX et al. v. McBRAYER et al.; and vice versa.

PER CURIAM.
The Fulton County School Employees' Pension Board, individually and in their representative capacity, the Fulton County Board of Education, individually and in their representative capacity, and a retired Fulton County school teacher brought a petition for a writ of mandamus seeking to compel the payment of money into the Fulton County School Employees' Pension Fund by the Fulton County Board of Commissioners, individually and in their representative capacity, the Fulton County Manager and the Fulton County Director of Finance. The petitioners obtained a mandamus absolute requiring the Fulton County Board of Commissioners, et al. (the County) to pay into the Fulton County School Employees' Pension Fund the sum of $5,493,298.76 plus $1,522,651.23 in interest,

less $1,452,560.68 already paid by the County into the Pension Fund for a total required payment of $5,563,389.31. Counterclaims by the County for $1,442,560.66 (the amount which the County was allowed to set off against the judgment) and $18,727,248.51 (a sum paid into the Pension Fund from general county funds, which the County alleges should have been paid from educational funds) were dismissed.

In Case No. 37937, the County appeals. In Case No. 37938, the Pension Board appeals that portion of the judgment which allowed the County to set off $1,452,560.68 previously paid into the Pension Fund in excess of the obligation of the County to match the contributions to the fund by participants in the Pension Plan.

The parties agreed to a stipulation of facts, summarized as follows: Since the creation of the Fulton County School Employees' Pension Plan in 1945, the Fulton County Board of Commissioners has been required to make annual contributions to the Pension Fund in an amount equal to the total annual employee contributions. From May 1, 1945 through June 30, 1968 the County paid matching funds into the Pension Fund each year without reducing such matching fund payments because of refunds paid to employees or former employees who had withdrawn from the Pension Plan during such year, i.e., the County matched the "gross" annual employee contributions. From July 1, 1968 through June 30, 1981 the County has withheld from its matching fund contribution sums which equaled the amount refunded to employees or former employees who had withdrawn from the Pension Plan during the previous year, i.e., the County matched the "net" annual employee contributions. At the time the judgment was entered the total amount of matching funds so withheld by the County equaled $5,493,298.76, after subtracting an amount equal to the refunds paid to employees because of their mistaken overpayment of contributions, rather than their withdrawal from the Pension Plan, as the parties agreed that the County was entitled to credit for such refunds. In addition to the amounts paid into the Pension Fund by the County pursuant to its obligation to match employee contributions, the County paid $1,452,560.68 into the Fund on or about December 31, 1980. Fulton County is also obligated to pay matching funds into the Fulton County General Employees' Pension Fund and the Fulton County Judges' and Solicitors' Retirement Fund; however, the County has never reduced its contributions to these funds to adjust for refunds to withdrawing employees. Demand has been made on the Fulton County Board of Commissioners to pay the amounts in question, and the Board of Commissioners and other defendants have refused to pay such amounts. The Fulton County budget for the calendar year

1981 does not provide for the payment of the sum sought by the petition for mandamus.

The trial court found that the County was required under the Fulton County School Employees' Pension Act (School Pension Act) to match the *gross* annual employee contributions to the Pension Fund, rather than the net annual contributions; that the amounts owed could be paid out of general county revenues and not only from educational funds; that the School Pension Act is not in conflict with the Georgia Constitution or any amendments thereto; that in any event the County is precluded from attacking the constitutionality of the School Pension Act on the grounds asserted by them as a result of the final judgment and pleadings in *McLennan v. Aldredge,* Case No. B-35088, decided April 2, 1968, Superior Court of Fulton County, Georgia (see *McLennan v. Aldredge,* 223 Ga. 879 (159 SE2d 682) (1968)); that the Pension Board was entitled to interest on the amount due; and that the County was entitled to set off the overpayment of $1,452,560.68 against the amount due.

I

In Case No. 37937 the County appeals the judgment of the trial court, listing nine enumerations of error.

1. The County contends that the trial court erred in issuing a writ of mandamus on the grounds that the Pension Board has an adequate remedy at law; that the Pension Board has no clear legal right to the relief sought; and that there was no showing that the County at any time had the funds to make the payments sought — that is, no showing that taxes were levied or collected therefor. Because we conclude that the County was obligated by the School Pension Act to match the gross contributions by employees to the Pension Fund (see Division 2), it follows that the Pension Board has a clear legal right to the relief sought. It also follows that the Pension Board is entitled to proceed directly against the individuals charged with compliance with the School Pension Act, rather than follow the procedures set out in Code Chapters 23-15 and 23-16, and mandamus is the proper remedy. *Bulloch County v. Ritzert,* 213 Ga. 818 (102 SE2d 40) (1958). Because the Board of Commissioners had a statutory duty to appropriate sums to make the required payments, it is no defense that it failed to do so. *Commissioners of Roads and Revenues v. Martin,* 161 Ga. 220 (6) (130 SE 569) (1925); *Maddox v. Anchor Duck Mills,* 167 Ga. 695 (1) (146 SE 551) (1929). This enumeration of error is without merit.

2. In the third enumeration of error the County contends that the trial court erred in holding that the Fulton County Board of Commissioners was required to match annually the gross and not the net employee contributions to the Pension Fund.

The language of the School Pension Act is unambiguous, and will admit of no interpretation other than that given it by the trial court.

As originally enacted, the Act provided that "[a]t the beginning of each fiscal year, the Board of Commissioners shall appropriate a sum of money sufficient to match dollar for dollar the contributions made by the teachers and employees out of their salaries and wages for the previous fiscal year and in quarterly installments, pay the same out of public funds of said County to the Treasurer of the Pension Board." Ga. L. 1945, pp. 528, 532. The Act also provided for refunds to employees withdrawing from the Pension Plan before retirement (Ga. L. 1945, pp. 528, 532-533) and required that the "Board of Commissioners in the event of any deficit in said Pension Fund shall make up said deficit from its general funds or if necessary shall levy a sufficient tax to meet said deficit."(Ga. L. 1945, pp. 528, 536). Subsequent amendments to the Act have changed somewhat its wording, but not its essential meaning. See, e.g., Ga. L. 1978, p. 3759, which provided that the required employee contributions be deducted from their salaries, and stated that "it shall be the duty of the governing authorities of Fulton County to appropriate and pay into the pension fund, an amount which shall equal the total amount of such deductions." Ga. L. 1978, pp. 3759, 3760-3761.[1]

The 1945 School Pension Act as amended clearly requires that the County match the *total* amount of employee contributions each year, *dollar for dollar,* without reference to amounts which may be refunded to withdrawing employees. Nowhere in the Act is there provision for the County to make adjustments in its matching fund contributions to account for such refunds; nowhere does it give the County discretion with respect to the required amount of matching funds.

The County argues that under this interpretation of the School Pension Act it cannot make adjustments for refunds given employees due to inadvertent overpayment or clerical error. This is untenable.

The third enumeration of error is thus without merit. In view of our holding in this Division, we need not reach the fourth enumeration.

3. In the fifth and ninth enumerations the County contends that the trial court erred in holding that the Pension Board was

---

[1] Ga. L. 1980, p. 3196, effective July 1, 1981, amended the School Pension Act to provide that henceforth the Fulton County Board of Education, rather than the Board of Commissioners, shall be responsible for matching employee contributions to the Pension Fund.

entitled to mandamus absolute requiring the County to make payments from general and public funds, not limited to taxes levied for educational purposes, and in dismissing the County's counterclaim for amounts previously paid from general funds which should have been paid from educational funds.

Ga. L. 1939, p. 39[2] and Ga. L. 1943, p. 64,[3] ratified as amendments to the Constitution of 1877, provide direct constitutional authority for the School Pension Act and its method of funding. 1877 Ga. Const., Art. VII, Sec. VI, Par. II; 1877 Ga. Const., Art. VII, Sec. XVIII. Both amendments are now in effect. See 1976 Ga. Const., Art XIII, Sec. I, Par. II; 1945 Ga. Const., Art. VII, Sec. X, Par. I.

The County argues that two amendments to the Georgia Constitution enacted in 1966 (proposed at Ga. L. 1966, pp. 1026 and 1066) repealed or modified the constitutional basis afforded the School Pension Act by the 1939 and 1943 amendments. As the trial court held, it is clear from the language of the 1966 amendments, which significantly broaden rather than restrict the powers of counties to tax and which expressly preserve the pre-existing law,[4] as well as several decisions of this Court, that the 1966 amendments did *not* repeal or restrict the pre-existing constitutional authority of Fulton County to levy general taxes for the support of the School Pension Act. *McLennan v. Aldredge,* 223 Ga. 879, supra; *Camp v. MARTA,* 229 Ga. 35 (189 SE2d 56) (1972); *Decatur Tax Payers League, Inc. v. Adams,* 236 Ga. 871 (226 SE2d 69) (1976).

---

[2] "The General Assembly shall have authority, however, to enact laws authorizing the County of Fulton and the governing authorities of the schools of said county, to create a retirement and pension fund and a system of retirement pay for county employees, and for county school employees, and to levy taxes for that purpose. . . ." Ga. L. 1939, p. 39.

[3] "The powers of taxation may be exercised by the State through the General Assembly and by counties and municipalities, for the purpose of paying pensions and other benefits and costs under a teacher retirement system or systems; . . . ." Ga. L. 1943, p. 64. See 1976 Ga. Const., Art. X, Sec. I, Par. I (Code Ann. § 2-6601).

[4] "Paragraph II. Purposes of Taxation. In addition to such other powers and authority as may be conferred upon any county by this Constitution or by the General Assembly, counties are hereby authorized to exercise the power of taxation for the following purposes which are hereby declared to be public purposes, and expend funds raised by the exercise of said powers for said purposes and such other public purposes as may be authorized by the General Assembly: . . .

"10. Provide insurance, retirement and pension benefits . . . for its officers and employees, their dependents and survivors, and for public school teachers and personnel, their dependents and survivors: provided that all such payments for public school teachers and personnel, their dependents and survivors, shall be paid from education funds. . . .

"Paragraph VI. The powers and authority granted by this amendment shall be

Our prior decisions make it clear that the payment of retirement benefits to school employees is not an expenditure for an "educational purpose." *Wright v. Absalom,* 224 Ga. 6 (159 SE2d 413) (1968); *Nelms v. Stephens County School Dist.,* 201 Ga. 274 (4) (39 SE2d 651) (1946). Therefore the limitations of the Constitution of 1945, Art. VIII, Sec. XII (see 1976 Ga. Const., Art. VIII, Sec. VII, Par. I (Code Ann. § 2-5501)) do not apply. Rather, the payment of retirement benefits for Fulton County school employees from general county funds is authorized by the constitutional amendments discussed above, and represents a separate and distinct public purpose.

Finally, the method of taxation provided for by the School Pension Act has been upheld against constitutional attacks on due process and equal protection grounds. *McLennan,* supra, 223 Ga. 879, 884-889; *Adams,* supra, 236 Ga. at 873.

The fifth enumeration of error and that portion of the ninth enumeration which refers to the dismissal of the County's counterclaim of $18,727,248.51 are without merit. In view of this holding we need not consider the seventh enumeration of error.

4. In the sixth assignment of error the County contends that the trial court erred in requiring the County to make payments to the Pension Fund from "Fulton County's general revenues." Their argument is that the Constitution of 1945, Art. VII, Sec. IV, Par. III-A (see Ga. L. 1972, p. 1481, § 1), empowers the County to establish districts for the purpose of levying taxes to satisfy the judgment in this case.

The County is entitled to meet its obligations by whatever lawful taxing method it may choose. To the extent that the trial court's order restricts this power, it is premature under the specific circumstances of this case, and must be vacated, and questions as to the application of Art. VII, Sec. IV, Par. III-A of the Constitution of 1945 are reserved until such time as any issues relating thereto shall mature.

5. In the eighth assignment of error the County contends that the trial court erred in awarding interest on the judgment. *Best v. Maddox,* 185 Ga. 78 (194 SE 578) (1938), relied on by the County, although disapproved, has not been overruled. See *Undercofler v. Scott,* 220 Ga. 406 (139 SE2d 299) (1964). If the County were required to make up any deficit in the Pension Fund which might arise in the

cumulative of all powers and authority heretofore granted to counties and shall not operate to repeal any existing local constitutional amendments." 1945 Ga. Const., Art. VII, Sec. IV, Pars. II, VI. See 1976 Ga. Const., Art. IX, Sec. V, Par. II (Code Ann. § 2-6202).

future, we would be inclined to strike the award of interest on the theory that the County employees affected are entitled to a guaranteed pension, rather than to the existence of a specific amount in the Fund. However, under the School Pension Act as amended (see Ga. L. 1980, p. 3196), effective July 1, 1981, the Fulton County Board of Education is required to make all matching payments and to meet any deficit in the Pension Fund *from educational funds.* Under the Constitution of 1976, Art. IX, Sec. IV, Par. II (see Ga. L. 1979, p. 1797), taxation for educational purposes is limited to Fulton County residents living outside of any independent school district. Thus, under these constitutional amendments, the burden of supporting the School Employees Pension Plan has been shifted from taxpayers, countywide, to a more limited group. In the event of any deficit in the future, the Board of Education will be required to levy and pay an amount, some or all of which otherwise would have been earned as interest upon the matching fund contributions of the Board of Commissioners had such contributions been paid in full when due. Such an imbalance in the funding scheme would be contrary to the intention of the legislature, and the award of interest must stand. See *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756) (1950); *Undercofler v. Scott,* supra.

6. Except as set forth in Division 4, the first assignment of error is without merit.

## II

In Case No. 37938 the Pension Board, et al., appeals that portion of the judgment which allowed the County to set off $1,452,560.68 paid into the Pension Fund on or about December 30, 1980. The parties agreed that this amount was in excess of the County's obligation (as interpreted by the County) to match the net contributions by employees to the Pension Fund. In the absence of a record sufficient to show error by the trial court, we affirm its decision.

## III

The County's motion to reverse and remand is denied, as Ga. L. 1980, p. 3196, is not retroactive, and has no effect on the obligation of the County to pay sums wrongfully withheld.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 7, 1982.

*John Tye Ferguson,* for appellants.
*Sutherland, Asbill & Brennan, James P. Groton, Alfred A.*

*Lindseth, Sarah H. Murphy,* for appellees.