A91A1321. CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS v. ALLIED READY MIX, INC.
(412 SE2d 622)

CARLEY, Presiding Judge.

Appellant-defendant (Owner) contracted with Georgia Mountain Contracting, Inc. (Contractor) for the construction of a building. Appellee-plaintiff (Materialman) supplied materials which were used in

the project. When the Materialman was not paid, it filed its claim of lien against the Owner's property and filed suit against the Contractor. After obtaining a judgment against the Contractor, the Materialman brought the instant lien foreclosure action. The Owner answered and raised, among its other defenses, payment to the Contractor of all but $15,932.02 of the full contract price. After discovery, the Materialman moved for summary judgment. The trial court granted summary judgment in favor of the Materialman and the Owner appeals.

The contract price as between the Owner and the Contractor establishes the maximum extent to which the Owner's property may be subjected to liens. If the Owner had actually paid the full contract price to the Contractor *and* the Contractor had actually applied the full contract price toward the payment of the materialmen and laborers, then the Owner would have a complete defense to the instant lien foreclosure action. It is undisputed, however, that the Owner has paid all *but* $15,932.02 of the contract price to the Contractor. Accordingly, the owner clearly has *no* viable defense as to that unpaid $15,932.02. The Owner contends, however, that the Materialman has no viable claim in excess of $15,932.02 because the Owner is entitled to a credit for all such partial payments as have previously been made to the Contractor. "[S]hort of a complete defense, the [O]wner is also entitled to credit for any sums paid to the [C]ontractor which were properly applied to bills for labor and material. '(T)he [O]wner is bound for the contract price and is bound to see that to the extent of this price the amounts paid to the [C]ontractor are appropriated by him to the payment of valid claims of materialmen and laborers. . . .' [Cits.]" (Emphasis omitted.) *Sanford v. Hodges Builders Supply*, 166 Ga. App. 86, 89 (3) (303 SE2d 280) (1983). Accordingly, the issue for resolution is whether a genuine issue of material fact remains as to the Materialman's claim to the extent that it *exceeds* the unpaid $15,932.02.

At trial, the evidentiary burden would be on the Owner to establish that such sums as it had paid to the Contractor in partial payment of the contract price were properly appropriated by the Contractor toward payment of the materialmen and laborers. On summary judgment, however, the initial burden was on the Materialman to negate the Owner's defense. Nothing in the Materialman's motion for summary judgment purported to address the issue of the owner's entitlement to a credit for such sums as the Owner had paid to the Contractor in partial payment of the contract price. Accordingly, there was no evidentiary burden on the Owner to come forward with evidence as to that issue.

Moreover, even if there had been a shift in the burden to the Owner, the record nevertheless shows that, in opposition to the Materialman's motion, the Owner did submit evidence as to its entitlement

to a credit such as would limit the Materialman's claim to $15,932.02. This evidence was in the form of an affidavit given by the president of the Contractor, who averred that the Contractor had "directly paid to suppliers and materialmen" an amount which was at least equal to that which the Contractor had been paid by the Owner. Compare *Dallas Building Material v. Rose*, 191 Ga. App. 783 (383 SE2d 151) (1989) (affidavit of the owner deemed hearsay and affidavit of the contractor did not specify that funds received from the owner had been paid to the materialmen and laborers); *Shuman-Mann Supply Co. v. Weaver*, 162 Ga. App. 422 (291 SE2d 562) (1982) (affidavit of contractor averred only that sums paid by the owner had been paid to materialmen or laborers). Attached to the affidavit and identified as a business record of the Contractor was a computer printout which supported the averment of the affiant that an amount at least equal to that which the Contractor had been paid by the Owner had, in turn, been "directly paid to suppliers and materialmen. . . ." Compare *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 646 (3) (171 SE2d 782) (1969) (affidavit of contractor not supported "with facts as to what the claims may have been for, or the amounts thereof or as to the amounts that he may have paid to these people, or who they may have been"). Even if this evidence may not have been sufficient to authorize the grant of summary judgment *in favor of the Owner*, construing it most favorably for the Owner as the non-moving party, it was certainly sufficient to demonstrate the existence of a genuine issue of material fact so as to preclude the grant of summary judgment *in favor of the Materialman.* "Assuming the accuracy of [the Owner's evidence, the Materialman] would be entitled to a special lien of only [$15,932.02] ([the difference between the full contract price and the amounts that were shown to be paid over by the Contractor to other materialmen and laborers]), rather than the [full amount of the lien sought by the Materialman and] awarded by the trial court. Of course, the jury may not accept all of the [Owner's evidence], but it was at least sufficient to create a genuine factual issue as to the amount of the lien, and the grant of summary judgment was consequently in error." *Taverrite v. Lowe's of Franklin, Inc.*, 166 Ga. App. 346, 348 (1) (304 SE2d 78) (1983). "Only after resolution of this factual question can there be a proper determination as to the amount of the special lien to which [the Materialman] is entitled. Under this evidence, it was error for the trial court to grant summary judgment for [the Materialman] which had the effect of granting to [the Materialman] a special lien against [the Owner's] property in a specific amount." *Sanford v. Hodges Builders Supply*, supra at 89 (3).

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 19, 1991.

*Whelchel, Dunlap & Gignilliat, William L. Rogers, Jr., Thomas S. Bishop, Madeline S. Wirt, for appellant.*
*Small & White, Gus H. Small, Jr., Craig B. Lefkoff, for appellee.*