S92A0672. HORTON v. STATE EMPLOYEES RETIREMENT
SYSTEM.
(421 SE2d 703)

HUNT, Justice.

In 1991 and 1990 respectively, Corporal William Horton and Trooper Charles Haines retired from the Georgia State Patrol upon reaching the mandatory retirement age of 55 years. Prior to his service with the state, Horton had served for three years and eleven months with the United States Air Force from October 1953 until September 1957; Haines had been in the United States Navy for four years, serving from August 1954 to August 1958. Under the applicable statutes, both men could obtain credit toward their state retirement for their military service by paying the equivalent employee contribution plus 15 percent interest, but since these amounts were over $75,000 each, neither patrolman was able to take advantage of this offer.

Because statutes affecting other employees permitted the purchase of military service for retirement credit without interest or for only 4 1/2 percent interest, Horton and Haines filed suit against the Employees Retirement System claiming the statutory scheme violated equal protection and unconstitutionally impaired their employment contracts. The trial court granted summary judgment to the ERS. The plaintiffs appeal; we affirm.

When the plaintiffs were hired in 1970 and 1971, they were not entitled to purchase credit for their military service, although credit previously had been allowed, without charge, for those who had served prior to July 1, 1953. After Horton was hired, a statute was enacted crediting those hired before April 1, 1972, with military service prior to January 1, 1954, without charge. OCGA § 47-2-96 (e). Horton was given credit for the three months of military service which qualified under this provision.

In 1981, the legislature enacted a statute allowing purchase of credit for military service during the Vietnam war, August 5, 1964

through May 7, 1975, for the amount of the employees' contribution with 4 1/2 percent interest. This act, OCGA § 47-2-96 (f), did not affect either of the plaintiffs. However, in a 1983 act, as amended in 1986, the General Assembly provided for the purchase of time served in the military between January 1, 1954, and August 5, 1964, by payment of the employees' contribution plus 15 percent interest. OCGA § 47-2-96 (g). These acts qualified the plaintiffs to purchase military service credit toward their state retirement. Thus, when the plaintiffs were hired, they were ineligible for credit for their military service, but later acquired rights under the act they now challenge as unconstitutional.

1. It is axiomatic that where an employee contributes towards the benefits to be received under a statutory retirement plan, the statutes in effect at the time of the employment become a part of the employee's contract. *Swann v. Bd. of Trustees &c. Benefit System*, 257 Ga. 450 (360 SE2d 395) (1987). Thus, while a statutory amendment may increase benefits enjoyed by the employee, an amendment which decreases benefits is precluded by the Georgia constitutional provision against the impairment of contracts. 1983 Ga. Const., Art. I Sec. I, Par. X; *Withers v. Register*, 246 Ga. 158, 159 (269 SE2d 431) (1980). Because the acts here in question enhanced, rather than diminished the plaintiffs' contract rights, no impairment of their employment contracts has occurred. Id.

2. Plaintiffs contend the ERS classification system, providing differing methods of credit for military service based upon the dates of that service, violates their right to equal protection. They accurately point out that under the afore-described statutes there are three different classifications for active duty veterans who are members of the ERS: (1) those with military service prior to 1954, who get service credit at no cost; (2) those with military service between August 5, 1964 and May 7, 1975, who get service credit by paying the amount of the employee's contribution with 4 1/2 percent interest; and (3) those with military service in the interim of the foregoing periods, that is, between January 1, 1954, and August 5, 1964, who get service credit on paying the employee's contribution plus 15 percent interest. Plaintiffs argue that this classification system, which allows them, as members of the third group, to receive service credit only on payment of the employee's contribution plus a high rate of interest, is arbitrary, capricious, unreasonable and bears no rational relationship to the purposes of the retirement system statute.

This case does not involve a suspect classification, nor a fundamental right. Thus, in reviewing the plaintiffs' charge that the ERS classification system violates the equal protection guarantees of the federal and state Constitutions, we apply a rational basis standard of review. *Price v. Lithonia Lighting Co.*, 256 Ga. 49, 52 (3) (343 SE2d

688) (1986). The trial court correctly noted:

> The Equal Protection Clause does not require the Legislature to treat all veterans exactly alike. If the Legislature seeks to reward those veterans through OCGA § 47-2-96 who served on active duty as opposed to those who served in the reserves, or the national guard with additional retirement benefits, it is entitled to do so. The Legislature can also make a further distinction awarding additional benefits to those veterans who served prior [to] 1954 (World War II and Korea) and during August 5, 1964 — May 7, 1975 (the Vietnam Conflict) as opposed to those veterans who served during the peace time in between.

The classifications here, based, in part, on the conditions of service, do not violate the plaintiffs' rights to equal protection. Therefore, the trial court properly granted summary judgment to the ERS.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 16, 1992.

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for appellant.

*Michael J. Bowers, Attorney General, Susan L. Rutherford, Jeffrey L. Milsteen, Assistant Attorneys General,* for appellee.