S98A0982. STRICKLAND v. CITY OF ALBANY.
(504 SE2d 666)

CARLEY, Justice.

Carol Strickland is the widow of Howard Yelverton. Mr. Yelverton had been employed for 23 years as a policeman by the City of Albany (City) when he died from cancer. Although Mr. Yelverton was not retired at the time of his death, a City ordinance provided that Ms. Strickland, as his widow, was entitled to receive benefits until her own death or remarriage. Had Mr. Yelverton lived until retirement, however, another ordinance provided that he could have elected a joint and survivor annuity which would pay him a lesser pension but, upon his death, would continue to pay benefits to his widow without regard to her remarriage. After Mr. Yelverton's death, Ms. Strickland began to receive benefits, but, upon her remarriage, the City terminated the payments. Ms. Strickland brought suit, seeking a declaration that the City's ordinances were unconstitutional because they authorized a termination of benefits upon the remarriage of some, but not all, surviving spouses of City employees. She also alleged that the ordinances violated OCGA § 47-5-40 (c), which requires that classifications in municipal retirement plans be "reasonable." After the trial court granted summary judgment in favor of the City, Ms. Strickland filed this appeal.

A copy of the City's Employee Handbook attached to Ms. Strickland's affidavit does not specifically state that the payment of benefits to the surviving spouse of a non-retired City employee will terminate upon the spouse's remarriage. However, that handbook does provide generally that it is "not a legal document" and that the City's

---

[8] *Caruth v. Brown,* 202 Ga. App. 656, 657 (415 SE2d 470) (1992).

ordinances "will govern." See *Adams v. Hercules*, 245 Ga. 464 (265 SE2d 781) (1980). The Pension Plan (Plan) created by the governing ordinances forms a contract between the City and its employees or, as in this case, between the City and its employees' surviving spouses. *Burks v. Bd. of Trustees*, 214 Ga. 251, 254 (104 SE2d 225) (1958); *Webb v. Whitley*, 114 Ga. App. 153, 158 (4) (150 SE2d 261) (1966). Ms. Strickland had actual knowledge of the terms of the Plan before she remarried. Compare *Rider v. Westinghouse Elec. Corp.*, 155 Ga. App. 61, 62 (2) (270 SE2d 288) (1980). The Plan unambiguously provides that, because her husband was not a retired City employee at the time of his death, Ms. Strickland's benefits would terminate upon her remarriage. A court cannot, under the guise of statutory construction, either revise or enlarge upon those clear provisions of the Plan. *Burks v. Bd. of Trustees*, supra at 255.

Because Ms. Strickland never had any property right in post-remarriage benefits under the Plan, the termination of payments upon her remarriage would not constitute a violation of due process. *Pulliam v. Ga. Firemen's Pension Fund*, 262 Ga. 411 (419 SE2d 918) (1992); *Franklin v. Mayor &c. of Savannah*, 199 Ga. 426, 429-430 (1) (34 SE2d 506) (1945). Also, there is no violation of the constitutional guarantee against impairment of contracts, since the Plan itself provided for the termination of benefits upon the remarriage of the surviving spouse of a non-retired City employee. See *Withers v. Register*, 246 Ga. 158, 159 (1) (269 SE2d 431) (1980); *Austin v. Benefield*, 140 Ga. App. 96, 101 (3) (230 SE2d 16) (1976).

With regard to equal protection, all similarly situated surviving spouses of non-retired City employees are treated the same under the Plan. The continued receipt of benefits by each is subject to the condition that he or she not remarry. The only distinction drawn is between the spouses of retired and non-retired City employees, and that distinction arises only as the result of a voluntary election by the employee rather than a unilateral imperative of the Plan. The Plan gives a retired City employee the option to elect to receive a lesser benefit during his or her lifetime, in return for a lifetime benefit for the surviving spouse which will not terminate upon remarriage. Classifications based on conditions of service do not violate the equal protection clause. *Horton v. State Employees Retirement Sys.*, 262 Ga. 458, 460 (2) (421 SE2d 703) (1992). An employee's attainment of retirement status is a condition of service which directly relates to classification for pension eligibility. Generally, retired employees have worked longer, have contributed more to the Plan and are older individuals with shorter life expectancies than non-retired employees. Thus, there is a rational basis for affording retired City employees and their spouses additional or more attractive pension options than non-retired City employees and their spouses. See

*Horton v. State Employees Retirement Sys.*, supra at 459 (2). The City did not violate the equal protection clause by choosing to provide to its retired employees and their spouses a pension option which was not extended to its non-retired employees and their spouses.

OCGA § 47-5-40 (c) authorizes "reasonable" classifications in municipal pension plans. As a retiree, Mr. Yelverton could have chosen a larger pension without any survivor's benefit for Ms. Strickland or, in the alternative, the joint and survivor annuity. However, Mr. Yelverton's untimely death precluded his attainment of retirement status and had the effect of limiting Ms. Strickland's eligibility for benefits to the period during which she remained unmarried. Because the classification of City employees and their surviving spouses on the basis of retirement status is reasonable, the Plan complies with the requirements of OCGA § 47-5-40 (c).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Neal Weinberg,* for appellant.
*Al Grieshaber, Jr.,* for appellee.