A98A1197. SYKES v. CITY OF ATLANTA et al.
(509 SE2d 395)

ANDREWS, Chief Judge.

Alethia Sykes, former Pretrial Services Officer for the City of Atlanta Municipal Court, appeals from the trial court's grant of the City's[1] motion for summary judgment and denial of her motion for summary judgment in her wrongful termination suit. She alleged a number of claims, including due process and equal protection violations.

1. The first two enumerations are that the court erred in granting the City's first and second motions for summary judgment, which addressed all of Sykes' claims. The only claims argued in the brief, however, are those stemming from Sykes' claims of property and liberty interests in her job which entitled her to due process, denial of which is the premise for her 42 USC § 1983 claims. Therefore, these are the only issues which we address. Court of Appeals Rule 27 (c) (2).

2. In reviewing grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996); *Gaskins v. Hand*, 219 Ga. App. 823 (466 SE2d 688) (1996). Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence was that Sykes was hired by Pretrial Services on October 5, 1990, as a clerk. She was later promoted to a Pretrial Services Officer I and her job was to see which arrestees could be released on their own recognizance, including running record checks on NCIC and GCIC, and to assist the municipal court judges in their courtrooms. When she was originally hired, Sykes signed a Personnel Transaction and Certification form used for employee matters. That document showed that the job for which she was hired was "unclassified."

Pretrial Services was run by a manager who reported directly to the judges of the municipal court. The manager could hire and fire employees and was not required to obtain the judges' permission to terminate any employee, although any of the judges could overrule the decision to fire someone.

In 1992, all pretrial services employees received a copy of a Pre-

---

[1] Also named as defendants were Mayor Bill Campbell and then City Council President Marvin Arrington.

trial Services Employee Handbook accompanied by a memo from then Director Green stating that it was "prepared to serve as a guide to good job performance." Sykes signed for the manual on January 29, 1992. The manual contained a section on progressive discipline and an appeal procedure upon which Sykes bases her due process claim.

On May 31, 1995, Sykes was given notice that, due to deficiencies in her job performance, she was being given the option to resign or be terminated and she chose the latter. Her official date of termination was June 13, 1995. Sykes was later provided with a packet of documentation regarding the reasons for her dismissal and received a letter from Chief Judge Harris of the municipal court denying her "appeal."

3. Under Georgia law, a public employee has a property right interest in a job if the employee may be dismissed only for cause. *Maxwell v. Mayor &c. of Savannah*, 226 Ga. App. 705, 707 (1) (487 SE2d 478) (1997); *Robins Federal Credit Union v. Brand*, 234 Ga. App. 519 (507 SE2d 185) (1998).

The City of Atlanta's Charter provides that legislative powers of the city are vested in the council, which shall pass such ordinances, regulations, and rules as needed to carry out its duties. Atlanta Charter Section 1-103 (a) & (b); Ga. Laws 1996, p. 4482. It further provides that "[t]he council shall establish by ordinance a system of civil service of the city, which shall be divided into a classified and unclassified service." Atlanta Charter Section 3-501 (a); Ga. Laws 1996, p. 4507.

By ordinance, the council provided that, "(a) The civil service system shall be divided into the classified service and unclassified service. (b) The unclassified service shall consist of the following: . . . (9) Employees and staff of the municipal court. (c) The classified service shall include all other public officers and employees in the employment service. All appointments, employments, removals, promotions, transfers, layoffs, reinstatements, suspensions and changes in grade or title in the classified service shall be made and permitted only as prescribed by law or under this article and not otherwise." Atlanta, Ga. Code of Ordinances Chapter 114, Art. IV, § 114-84.

Even though a member of the unclassified service, Sykes contends that the manual evidenced the "mutual explicit understanding" referenced in *Bd. of Regents &c. v. Roth*, 408 U. S. 564 (92 SC 2701, 33 LE2d 548) (1972) and *Perry v. Sindermann*, 408 U. S. 593 (92 SC 2694, 33 LE2d 570) (1972) by which parties to an employment contract may create a constitutionally protected property interest. *City of Buchanan v. Pope*, 222 Ga. App. 716, 719 (1) (c) (476 SE2d 53) (1996).

Such an understanding cannot, however, create a property inter-

est contrary to state law. Id. As reflected by the Atlanta Charter and ordinances set out above, the employees of the municipal court are unclassified and, therefore, do not have civil service protection afforded to classified employees. Former Director Green had no authority to promulgate any rules and regulations regarding city employment. "Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." OCGA § 45-6-5. It is incumbent upon those dealing with public officers to ascertain the extent of their authority. *Walston & Assoc. v. City of Atlanta*, 224 Ga. App. 482 (1) (480 SE2d 917) (1997). Therefore, even assuming that the manual purported to establish some procedural protections for employees, its promulgation was beyond the authority of Green and could not bind the City. *City of Atlanta v. Black*, 265 Ga. 425 (457 SE2d 551) (1995); *Walston & Assoc.*, supra; *Cole v. City of Atlanta*, 195 Ga. App. 67, 68 (2) (392 SE2d 283) (1990).

Additionally, the City's evidence in support of its motion for summary judgment reflected that the chain of command of Pretrial Services, i.e., the Chief Judge, the Manager of Pretrial Services, the Acting Deputy Manager of Pretrial Services, and Pretrial Officer III McGhee, Sykes' immediate supervisor, understood that their jobs were unclassified; that no cause was needed to dismiss an employee; and that, at most, the manual was advisory. The manual had never been approved by the judges of the court, submitted to the city attorney, or adopted by the city council.

The most that Sykes has been able to show in support of her "mutual understanding" argument is a unilateral expectation on her part, which is insufficient. See *Shaw v. Oconee County, Ga.*, 863 FSupp. 1578, 1581 (3), (4) (M. D. Ga. 1994); *Payung v. Williamson*, 747 FSupp. 705, 709 (3) (M. D. Ga. 1990).

Therefore, the trial court correctly granted summary judgment to the City on the claim to a property right in her employment.

4. Sykes also contends the trial court erred in granting summary judgment to the City on her claim of deprivation of a liberty interest without due process. We find no error.

" 'Under federal law, a plaintiff can recover for a deprivation of reputational liberty upon proof of the following elements: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." *Buxton v. City of Plant City, Fla.*, 871 F2d 1037, 1042-43 (11th Cir. 1989).' [Cit.]" *Maxwell*, supra at 710 (3).

Sykes contends that the City's accusation that she had improperly used GCIC to search for criminal histories of two co-employees was sufficient to meet this standard. Even assuming, however, that

the accusation was false, the record is devoid of any evidence of actions by the City to make such accusations public so as to deprive her of other employment opportunities, as required to survive summary judgment. Compare *Maxwell*, supra, with *Lovell v. Floyd County*, 710 FSupp. 1364, 1374 (8) (N. D. Ga. 1989).

5. Sykes also alleged that she was deprived of equal protection by the establishment of two categories of employees, classified and unclassified, and that she was treated differently than other similarly situated employees.

(a) With regard to the latter claim, there is no admissible evidence in the record which reflects that any other similarly situated employee was treated differently. The only evidence pointed to by Sykes is that certain other unnamed employees were progressively disciplined and given the opportunity to be heard before dismissal.

On summary judgment, evidentiary rules apply. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576) (1990). Hearsay evidence is without probative value and cannot be considered unless it is part of the res gestae. *Taylor & Mathis, Inc. v. Doyle*, 219 Ga. App. 445 (465 SE2d 484) (1995). At best, Sykes' proffered "evidence" is hearsay and not part of the res gestae, creating no factual issues. *Harrison v. Golden*, 219 Ga. App. 772, 774 (2) (b) (466 SE2d 890) (1995). From the information given, the source of the evidence of unequal treatment cannot be identified, located, summoned or cross-examined. Id.; *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988) (an unidentified employee's overheard statement was insufficient to preclude summary judgment).

(b) Because this case does not involve a suspect classification or fundamental right, the rational basis standard of review is used in considering Sykes' charge that the City's classification of its employees as "classified" or "unclassified" violates equal protection. *Horton v. State Employees Retirement System*, 262 Ga. 458, 459 (2) (421 SE2d 703) (1992).

As reflected in those portions of the City Charter set out above in Division 3, the mandate for the dual classification was enacted by the legislature when the Charter was passed. "[A] law enacted by the General Assembly is presumed to be constitutional; the burden is on a challenger to prove its invalidity. [Cits.]" *Belk v. Westbrooks*, 266 Ga. 628, 629 (469 SE2d 149) (1996).

This Sykes has failed to do. Although we have not listed all categories of employees included in the unclassified service, a review of the other nine categories in addition to municipal court employees reveals that they are elected and appointed officials and their employees, which is a rational basis, and there was no error in granting summary judgment on this ground. *Horton*, supra.

6. We need not consider the remaining enumerations in light of

the above.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1998.

*Duncan & Duncan, Bruce D. Duncan, Angela D. Duncan,* for appellant.

*Clifford E. Hardwick IV, Karen W. Woodward,* for appellees.