A00A0200. MALCOM v. NEWTON COUNTY.
(535 SE2d 824)

ANDREWS, Presiding Judge.

Gerald D. Malcom, the former Sheriff of Newton County, sued Newton County claiming the County wrongfully terminated his

retirement benefits under the County employee pension plan. Malcom appeals from the trial court's grant of summary judgment in favor of the County and from the denial of his motion for summary judgment. For the reasons which follow, we reverse the judgment of the trial court and find that: (1) the County established a pension plan in which Malcom obtained a vested contractual right in consideration for his service as County Sheriff; and (2) the County's subsequent action excluding Malcom from the pension plan was a wrongful impairment of this right and was void.

From 1976 until December 31, 1996, Malcom served as the elected Sheriff of Newton County. As Sheriff, Malcom was not an employee of Newton County, but an elected constitutional officer of the County. On December 31, 1996, Malcom's last term of office as Sheriff expired. On the same day, a new Sheriff was sworn in and took office. Malcom was not employed by Newton County, nor did he hold elective office in the County, on or after January 1, 1997.

The employee pension plan at issue was established by Newton County in 1968, with a restated version of the plan being adopted in 1986. From 1968 through 1984, the County made no contributions to the pension plan, and employees who elected to participate in the plan were required to fund the plan by their own contributions. Beginning in 1984, the County pension plan became a noncontributory plan funded solely by County funds with no contributions by participating County employees. Malcom does not claim that he became a participant in the plan by contributing to it. In fact, he made no contributions to the plan during his tenure as Sheriff. Rather, he contends that he was included in the County pension plan when Newton County took action to allow its constitutional officers to participate in the plan in December 1996, less than one month before Malcom ended his last term of office as Sheriff.[1]

On December 3, 1996, the Newton County Board of Commissioners voted to include its three County constitutional officers,[2] including Sheriff Malcom, in the County pension plan. Specifically, the Commission established that, effective December 1, 1996, the definition of employee in the County pension plan would include for purposes of pension plan participation the three nonemployee County constitutional officers, and that all past service would be credited for pension purposes. On December 10, 1996, the County pension plan was amended in writing to include the revisions embodied in the

---

[1] This action was taken after the General Assembly enacted OCGA § 36-1-11.1 in 1989, which authorized, but did not require, county governments to include county constitutional officers in county employee pension plans.

[2] The other constitutional officers were the Clerk of the Superior Court and the Probate Court Judge.

December 3 vote.

The amended County pension plan included a provision stating that, effective December 1, 1996, the term "employee" was defined to include the three constitutional officers, with all past service credited for pension purposes. The amended plan also provided that an employee became a participant in the plan by satisfying two eligibility requirements. First, the employee must have completed three years of service. Second, the employee became a participant in the plan on the "Plan Entry Date" coinciding with or immediately following the date on which the three-year service requirement was satisfied, but only if the employee·was employed on the "Plan Entry Date." The amended plan stated that the " 'Plan Entry Date' means the Effective Date and January 1st of every Plan (Calendar) Year." The "Effective Date" under the amended plan was defined as follows: "Effective Date. The original 'Effective Date' of the Plan is December 1, 1968; this amendment is effective December 1, 1996." The County voted to partially fund the inclusion of the constitutional officers with existing County funds and to fund the balance from County funds paid yearly to the pension plan administrator over a period of ten to fifteen years.

On December 13, 1996, two new Newton County Commissioners who had been elected to the Board in a November 1996 special election took the oath of office and replaced two of the Commissioners who had voted on December 3, 1996, in favor of including the constitutional officers in the County pension plan. On December 17, 1996, the reconstituted Board of Commissioners voted to rescind the actions of the Board of Commissioners taken on December 3, 1996, and to remove the constitutional officers, including Sheriff Malcom, from the County pension plan. No funds were paid by Newton County to the pension plan administrator to fund the plan for the constitutional officers.

1. Based on these facts, the trial court found that, in order for Malcom to become a participant in the amended plan, he was required to be employed on the "Plan Entry Date," which the trial court determined could only be January 1, 1997. Since Malcom retired on December 31, 1996, the trial court ruled that he failed to satisfy the eligibility requirements for becoming a participant in the amended plan. Based on this ruling, the trial court further concluded that there was no merit to Malcom's contentions that he was an eligible participant in the amended plan, that he obtained vested contractual rights in the amended plan after it was established by the County during his tenure as Sheriff, and that the County wrongfully impaired his contractual rights when it later rescinded the amended plan.

We agree with Malcom that the trial court erred by finding that,

because he was not the Sheriff or otherwise employed by the County on January 1, 1997, he was not an eligible participant in the amended plan. To be eligible, the amended plan required that Malcom be employed on the "Plan Entry Date." The amended plan stated that the "Plan Entry Date" means "the Effective Date and January 1st of every Plan (Calendar) Year." It follows that, if Malcom was employed as Sheriff on the "Effective Date" as defined by the amended plan, this would satisfy the requirement that he be employed on the "Plan Entry Date."

The definition of "Effective Date" in the amended plan contains two statements: "[t]he original 'Effective Date' of the Plan is December 1, 1968" and "this amendment is effective December 1, 1996." We conclude that this definition makes reference to two effective dates — the original effective date of the plan in 1968, and a December 1, 1996 effective date specifically applicable to the amended plan's inclusion of the three constitutional officers. Although there may be an ambiguity in the definition because December 1, 1996, is not explicitly referred to as the "Effective Date," no ambiguity remains after applying the rules of contract construction.

The whole contract should be looked to in arriving at the construction of any part. OCGA § 13-2-2 (4). So viewed, the amended pension plan states that December 1, 1996, is the date the amendment to the plan became effective, and this statement is included under the definition of "Effective Date." Moreover, the cardinal rule of contract construction is to ascertain the intent of the parties, and it was the clear intention of the County Commissioners and Malcom to establish an amended plan effective December 1, 1996, in which Malcom was an eligible participant. OCGA § 13-2-3; *Versico, Inc. v. Engineered Fabrics Corp.*, 238 Ga. App. 837, 841 (520 SE2d 505) (1999). Finally, the amended pension plan must be liberally construed in favor of the rights of the pensioner. *City Council of Augusta v. Wilhelm*, 111 Ga. App. 234, 236 (141 SE2d 220) (1965). Under the applicable rules of construction, we find that December 1, 1996, was the "Effective Date" applicable to Malcom and was also the "Plan Entry Date" on which he was employed as Sheriff and became a participant in the amended plan.

Because Malcom became a participant in the amended plan established by Newton County on December 1, 1996, during his tenure as Sheriff, he obtained a vested contractual right in the plan in consideration for his performance of services as Sheriff until he retired on December 31, 1996. *Withers v. Register*, 246 Ga. 158, 159 (269 SE2d 431) (1980); *Swann v. Bd. of Trustees &c.*, 257 Ga. 450 (360 SE2d 395) (1987). The fact that Malcom made no contribution to the County-funded plan does not render the pension a gratuity which the County could terminate at will. *Atlantic Steel Co. v. Kitchens*, 228

Ga. 708, 712-713 (187 SE2d 824) (1972). The amended County pension plan constituted adjusted compensation for services rendered by Malcom, and the performance of services as Sheriff was consideration flowing from Malcom which gave him a vested right in receiving pension benefits. Id.; *Withers*, 246 Ga. at 159; *Trotzier v. McElroy*, 182 Ga. 719 (186 SE 817) (1936). Moreover, we find nothing in the restated or amended versions of the County pension plan that prohibited the County's decision to give Malcom credit for his years of service as Sheriff prior to the effective date of the amended plan, or that prohibited the County from funding Malcom's inclusion in the plan with County funds. *Cole v. Foster*, 207 Ga. 416, 420-421 (61 SE2d 814) (1950); *Bender v. Anglin*, 207 Ga. 108, 114-115 (60 SE2d 756) (1950). Accordingly, the County's subsequent action on December 17, 1996, rescinding the amended plan and terminating Malcom's right to benefits under the plan violated the guarantee in Art. I, Sec. I, Par. X of the 1983 Georgia Constitution against impairment of contracts and was void. *Withers*, 246 Ga. at 159; *Bender*, 207 Ga. at 113.

2. The trial court erred by ruling that the funding of Malcom's inclusion in the amended pension plan with County funds created a debt without the consent of the voters in violation of Art. IX, Sec. V, Par. I of the 1983 Georgia Constitution. To the contrary, the Georgia Constitution authorized the County to expend public funds for the purpose of establishing, maintaining, and modifying a retirement or pension system. Ga. Const. of 1983, Art. IX, Sec. II, Par. I (f); Art. IX, Sec. II, Par. III (14); Art. IX, Sec. IV, Par. II; see also Ga. Const. of 1983, Art. III, Sec. X, Par. I; *Lomax v. McBrayer*, 248 Ga. 753, 757 (286 SE2d 35) (1982).

3. For the reasons stated in Division 2, supra, the trial court also erred by ruling that the inclusion and funding of Malcom in the amended plan created a temporary loan in violation of Art. IX, Sec. V, Par. V of the 1983 Georgia Constitution.

4. Since Malcom obtained a vested contractual right in benefits payable under the amended plan established by the County, it follows that the trial court erred in failing to grant the writ of mandamus sought by Malcom to compel payment of those benefits. *Bd. of Trustees &c. v. Mabry*, 221 Ga. App. 762, 765 (472 SE2d 542) (1996).

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 13, 2000.

*Strauss & Walker, John T. Strauss*, for appellant.

*Smith, Welch, Studdard & Brittain, A. J. Welch, Jr., Webb, Carlock, Copeland, Semler & Stair, Katharyne C. Johnson*, for appellee.