A00A2564. ATLANTA HOSPITALITY WORKERS, INC. et al.
v. CITY OF ATLANTA.
(545 SE2d 49)

MILLER, Judge.

Various owners of restaurants and bars holding liquor licenses from the City of Atlanta refused to pay a liquor excise tax deficiency assessed by the Atlanta City Department of Finance. Instead of paying the deficiency and then seeking a refund as provided in OCGA § 48-5-380, the owners filed a declaratory judgment action against the City, requesting under the auspices of 42 USC § 1983: (1) an injunction to prevent the collection of the deficiency, (2) a declaratory judgment that the deficiency notice was itself a new, illegal excise tax imposed by an unauthorized body, and (3) related damages and attorney fees. Citing *Nat. Private Truck Council v. Oklahoma Tax Comm.,*[1] the trial court dismissed the action, holding that 42 USC § 1983 did not authorize declaratory and injunctive relief in state tax cases where an adequate legal remedy exists.

---

Appealing this order, the owners enumerate two errors. First, they argue that the deficiency assessment was not a legitimate tax properly levied by the appropriate agency of government. Second, they contend that the City's procedures for challenging the deficiency did not comply with the applicable statutes. We disagree and affirm.

1. The deficiency notice was not the imposition or creation of a new tax; it was merely an effort to collect the existing tax. Under OCGA § 3-4-130, the governing authority of a city may impose, levy, and collect an excise tax upon the sale of distilled spirits by the drink, which tax shall not exceed three percent of the charge to the public for the beverages. The City's legislative body[2] enacted Section 10-184 of the Atlanta City Ordinances, which imposes and levies a three percent tax on the sale of distilled spirits by the drink. Section 10-188 obliges each licensee to file a monthly excise tax return, and Sections 10-189 through 10-192 authorize the mayor or his designee to collect this tax.

When the City suspected that the owners here were underpaying their taxes, the mayor's designee (the Department of Finance) determined the amount of wholesale liquor purchased by the owners and, using a model, calculated that each owner had understated its retail sales by a certain amount. Estimating what the retail sales actually were for each owner, the designee calculated the amount of tax underpayment by each owner and assessed a deficiency accordingly.

The designee's method for calculating the deficiency did not impose a new excise tax. Rather, it was nothing more than an exercise of its authority under OCGA § 3-4-130 and the related Atlanta ordinances to levy and collect the authorized three percent excise tax in an amount the owners dispute. Section 10-189 (a) of the Atlanta City Ordinances specifically contemplated such a collection action by the designee:

> *Recomputation of tax.* If the mayor or the mayor's designee is not satisfied with the return of the tax levied under this subdivision or the amount of the tax levied under this subdivision required to be paid to the city by any person, the mayor may compute and determine the amount required to be paid upon the basis of any information within the mayor's possession or that may come into the mayor's possession.

To collect the newly calculated amount, Section 10-189 (f) authorized the sending of a tax deficiency notice. The owners' attempt to characterize the deficiency notice as a new excise tax is without merit.

---

[2] The City's legislative powers are vested in the council. *Sykes v. City of Atlanta*, 235 Ga. App. 345, 346 (3) (509 SE2d 395) (1998).

2. In their second enumeration, the owners contend that the court erroneously concluded that the City's procedures for challenging the deficiency determinations comply with OCGA §§ 3-4-130 et seq. and 48-5-380.

The owners' argument misconstrues the law. No Atlanta ordinance purports to set forth the procedure for challenging deficiency determinations.[3] Rather, this procedure is statutory and provides that the taxpayer must first pay the tax and then file a claim for a refund from the governing authority of the City.[4] If the governing authority denies that claim, the taxpayer may then file an action in court to seek the refund.[5] In that action, the taxpayer may argue that the tax was erroneously or illegally assessed and collected, which would include a claim (as asserted here) that a taxing authority assessed and collected taxes in violation of federal or state law.[6] As per the statutory language, this procedure applies to *any* tax paid by the taxpayer and is not restricted to ad valorem or other types of taxes.[7] This statute provides an adequate remedy at law to contest a tax assessment or deficiency notice.[8]

Consequently, the owners' two enumerations of error are without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2001 — 

*O. Jackson Cook, Steven M. Youngelson, Cary S. Wiggins,* for appellants.

*Lemuel H. Ward,* for appellee.

---

[3] The owners complain that the deficiency notice stated that no appeal was available other than the presentation of any matters in extenuation or mitigation of the assessment. The only copy of the deficiency notice in the record contains no such assertion. And since a party is charged with knowledge of the law and may not rely on such statements, a city is not estopped from requiring the correct appellate procedure. OCGA § 45-6-5; *Sykes,* supra, 235 Ga. App. at 347 (3).

[4] OCGA § 48-5-380 (b) (taxpayer who has voluntarily or involuntarily paid an allegedly erroneous or illegal tax or license fee collected by a county or municipality may file a claim for a refund from the governing authority). Compare *Gwinnett County v. Gwinnett I Ltd. Partnership,* 265 Ga. 645, 647 (458 SE2d 632) (1995) (mere dissatisfaction with amount of assessment or valuation does not make out a claim for refund as an erroneous or illegal ad valorem real property tax).

[5] OCGA § 48-5-380 (c).

[6] *Nat. Health Network v. Fulton County,* 270 Ga. 724, 727 (2) (514 SE2d 422) (1999); see OCGA § 48-5-380 (a).

[7] See OCGA § 48-5-380 (b).

[8] *Rockdale County v. Finishline Indus.,* 238 Ga. App. 467, 469 (2) (518 SE2d 720) (1999); see *Dillard v. Denson,* 243 Ga. App. 458, 460 (533 SE2d 101) (2000).