## A01A0080. DODD et al. v. CITY OF GAINESVILLE.
(551 SE2d 62)

JOHNSON, Presiding Judge.

For three years, the City of Gainesville paid retired police officer Jack Dodd $2,553 in monthly pension benefits, even though he was entitled to receive only $2,254 under the type of retirement plan he had selected. Upon discovering its error, the City notified Dodd that it would reduce his monthly benefit amount and that it expected him to repay the overpaid benefits.

Dodd and his wife sued the City for breach of contract and negligence. As to the breach of contract claim, Dodd alleged that the City informed him that he would receive $2,553 per month upon retirement, entered into a contract with him wherein the City agreed to pay him that amount and, when he retired, paid him the agreed-upon amount for three years. Dodd's negligence claim alleged that, because of the city clerk's misinformation, Dodd gave up his position as a police captain, a position from which he would not have otherwise retired for another five years, and that he suffered a loss of pay and benefits as a result.

Although the City moved for summary judgment on several bases, the trial court did not issue a ruling on most of them. Instead, it granted the City's motion on two grounds. First, it held that the City could not be liable in negligence for miscalculating Dodd's retirement benefit amount since Dodd could have calculated the correct monthly benefit amount on his own by using a retirement system handbook which contained a formula for calculating benefits but neglected to do so. Second, the trial court held that the City was not liable for breach of contract inasmuch as Dodd was an at-will employee; given Dodd's at-will status, the City owed him no fiduciary duty. At the same time, the trial court denied the City's counterclaim for reimbursement of overpayments, holding that genuine issues of material fact remain as to whether Dodd knew he was receiving more than the amount to which he was entitled. Dodd appeals from the grant of summary judgment to the City.

1. Dodd contends the evidence does not show as a matter of law that he had equal knowledge as to how to calculate the correct benefit amount. We agree.

As the trial court noted in its order, where parties have equal opportunities for knowing the truth, "a party grossly failing to inform himself must take the consequences of his neglect."[1] In this case, however, a jury could find that Dodd did not have an equal opportunity to determine the exact amount to which he was entitled.

---

[1] (Citations and punctuation omitted.) *Gignilliat v. Borg*, 131 Ga. App. 182, 183 (2) (205 SE2d 479) (1974).

Before he retired, Dodd was provided with an Employee's Retirement System Handbook. The handbook includes several examples of how benefits are calculated under the various options available. Yet, the handbook states that it is intended only as "an informative guide to answer your basic questions" and a "general outline for major provisions." It states that "[w]hile this booklet is intended to be as accurate as possible, the explanations are subject, in all respects, to the detailed provisions of the legal plan documents," and that "[a]ll questions relating to the . . . amount of benefits payable will be determined by the Retirement Board according to Plan provisions." The handbook does not include tables or other information needed for employees to calculate their own retirement benefits with any precision. Indeed, regarding the type of benefits Dodd selected, the handbook provides that "factors such as you [sic] and your spouse's life expectancy are taken into consideration for the purpose of determining your benefit" and "your age and the age of your spouse will determine the exact amount of your retirement benefit." The handbook advises employees requiring more information to consult the city clerk or a retirement board representative.

Shubert, the city clerk and pension board secretary, acknowledged that she "administers the plan as far as estimating benefits, calculating final benefits, notifying all the people in regards to paying of that benefit." Dodd and other officers were instructed by their supervisors to obtain benefits calculations from Shubert. In order to make the calculations, Shubert had to obtain information from the payroll department and make allowances for vacation, longevity, overtime, and other pay. She had to factor into the equation Dodd's starting date, his proposed retirement date, and his salary over the preceding five years. She also considered Dodd's wife's date of birth, consulted mortality tables, and reduced the benefits by a certain percentage based on mortality rates. Her calculations were then checked by another pension board member. Considering the numerous sources which had to be consulted, the various factors which had to be considered, and the level of expertise involved, and construing the evidence most favorably for Dodd as the nonmoving party, a factfinder could have found that Dodd did not have an equal opportunity to determine the exact amount of benefits he would receive. Therefore, the trial court erred in granting summary judgment to the City on this basis.[2]

2. Dodd challenges the trial court's ruling that his breach of contract claim must fail based on the fact that he was an at-will

---

[2] See generally *Corp. of Presiding Bishop &c. v. Allied Ready Mix*, 201 Ga. App. 873, 875 (412 SE2d 622) (1991).

employee and, as such, was owed no fiduciary duty. We agree with Dodd that this theory is erroneous.

Contrary to the trial court's order, Dodd's breach of contract claim was not based on an oral employment contract. The claim was based on a contract to pay retirement benefits. A retirement plan may represent an enforceable contract between an employer and employee.[3] Even an at-will employee may have certain enforceable rights pursuant to the policies of an employment handbook.[4] And, in certain factual situations, a confidential or fiduciary relationship may exist between an employer and an at-will employee.[5] While we cannot say as a matter of law whether such a relationship existed in this case, the trial court erred in holding that an employer has no fiduciary duty toward an at-will employee regarding the employee's vested retirement benefits, rather than considering the evidence of the particular case.[6]

3. On appeal, the City argues several other bases to support the trial court's grant of summary judgment in its favor. While it is true that a trial court's grant of summary judgment will be affirmed if it is right for any reason, this is true only if it is not apparent that the trial court relied on an erroneous legal theory.[7] Moreover, we must also consider the general principle that the appellate courts do not consider issues not ruled on below.[8]

In this case, the trial court based its decision to grant summary judgment on only two issues: (1) that no viable cause of action in negligence exists because Dodd had an equal opportunity for knowing the correct benefit amount; and (2) that Dodd's breach of contract claim cannot survive because an at-will employee is not owed any fiduciary duty, even regarding vested pension benefits. Since the trial court did not rule upon any of the other grounds asserted by the City, we do not decide the merits of those arguments in this appeal.

Because the trial court based its ruling on an erroneous legal theory, because genuine issues of material fact exist, and because we will not consider grounds not ruled upon below, we must reverse the trial court's grant of summary judgment to the City. The case is remanded for further proceedings.

---

[3] *Strickland v. City of Albany*, 270 Ga. 31, 32 (504 SE2d 666) (1998).

[4] *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 596-597 (2) (417 SE2d 163) (1992).

[5] See *Cochran v. Murrah*, 235 Ga. 304, 307-308 (219 SE2d 421) (1975); *Remediation Svcs. v. Ga.-Pacific Corp.*, 209 Ga. App. 427, 431 (1) (433 SE2d 631) (1993).

[6] See generally *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635, 638-639 (2) (344 SE2d 430) (1986).

[7] *Carter v. Glenn*, 243 Ga. App. 544, 551 (533 SE2d 109) (2000).

[8] Id.

*Judgment reversed and case remanded. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 22, 2001 —
RECONSIDERATION DENIED JULY 25, 2001 — 

*Jack E. Dodd, Richard C. Bellows,* for appellants.
*Freeman, Mathis & Gary, Benton J. Mathis, Jr., Mary A. Ackourey,* for appellee.